ALFRED PATMOR

*v.*

GEORGE W. HAGGARD *et al.*

1. STATUTE OF FRAUDS—*promise to answer for debt, etc., of another.* As respects any promise to answer for the debt, default or miscarriage of another person, the *promise* is required by the Statute of Frauds to be in writing, but the writing need not state the consideration of the promise.

2. SAME—*contract for sale of land.* The provision of the Statute of Frauds of 1869, that a contract for the sale of land shall be in writing, requires the consideration as well as the promise itself to appear in writing. Under the revision of 1874 the rule is different.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BLADES, KAY & EVANS, for the appellant.

Messrs. ROFF & HARRIS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Patmor against Haggard and Kane, June 6, 1874, upon an instrument

608 PATMOR *v.* HAGGARD *et al.* [Sept. T.

Opinion of the Court.

in writing, which is set out in the declaration, *in hœc verba,*
as follows :

"Know all men by these presents, that Geo. B. Haggard
and Morris Kane, of Concord, Iroquois county, Ill., are held
and firmly bound unto Alfred Patmor, of the same town,
county and State, in the sum of $1000, good and lawful
money of the United States, to be paid to the said Alfred
Patmor, his executors, heirs and assigns, and every of them,
by these presents. Sealed with their seals this 6th day of
December, 1873.

"The condition of the above obligation is such, that if the
said George W. Haggard shall furnish to the said Alfred
Patmor a good and sufficient warranty deed to the north-west
quarter of section 7, town. 27 north, of range 11 west, of 2d
P. M., and upon the said deed being furnished as above spe-
cified, then this obligation to be null and void.

" G. W. HAGGARD,
" MORRIS KANE."

The declaration avers, that the instrument was executed
for the consideration of $800, in goods, wares and merchan-
dise, delivered to Haggard ; that Haggard had not executed
the deed, although requested to do so, to the plaintiff's dam-
age of $1000.

The third plea was one on the part of Kane, that his prom-
ise was to answer for the default of Haggard, and that no
agreement, nor any note or memorandum thereof, wherein
the consideration of the same is stated, was or is in writing,
etc.

The fourth and fifth pleas were on the part of both Hag-
gard and Kane, alleging that the promises were for the sale
and conveyance of the land in the declaration mentioned, and
that no contract, or any note or memorandum thereof, was or
is in writing, wherein the consideration is stated.

A general demurrer to these pleas was overruled by the
circuit court, and, the plaintiff electing to stand by his de-

murrer, judgment was rendered for the defendants, and the plaintiff appealed.

As respects the third plea, we see no room to question that, under our Statute of Frauds, the consideration of such an agreement as is therein alleged need not appear in writing. It is only necessary that the promise should be in writing. Such is the plain reading of the statute. The words are, that "no action shall be brought whereby to charge any executor or administrator upon any special promise to answer any debt or damages out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person ; or to charge any person upon any agreement made upon consideration of marriage ; *   *   * or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing," etc. As respects any promise to answer for the debt, default or miscarriage of another person, it is the *promise*, only, that the statute requires to be in writing.

The demurrer should have been sustained to the third plea.

As respects a contract for the sale of lands, the language of the statute is different.

The act of March 27, 1869, (the one in force at the time of the making of this instrument in writing and the bringing of the suit,) was as follows : "That no action shall be brought whereby to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, for a longer term than one year, unless the said contract, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized, in writing." Laws 1869, p. 363.

This requires the contract, or some note or memorandum of the contract, to be in writing. The English statute of
39—78TH ILL.

610      PATMOR *v.* HAGGARD *et al.*      [Sept. T.

Opinion of the Court.

frauds, requiring, in case of a promise to pay the debt of another, that the agreement should be in writing, received a construction as to the import of the word agreement,in the case of *Wain* v. *Warlters*, 5 East, 9, where it was held, that the word agreement is not satisfied unless there be a consideration, which consideration, as forming part of the agreement, must appear in writing, as well as the promise itself, where the requirement of the statute is that the agreement shall be in writing.

In this country there is a conflict among the decisions of the courts of different States, in regard to the construction of the term "agreement," where the requirement of their statutes is, that the *agreement* shall be in writing—some holding that only the promise need be in writing, others, that the consideration, as well as the promise, must be expressed in writing. A collection of the decisions upon this point in different States will be found in Browne's Statute of Frauds, sec. 391. The preponderance of authority is in favor of the construction adopted in *Wain* v. *Warlters*, that the consideration, as forming part of the agreement, must be in writing.

Our statute of 1869 was passed in view of the various well known decisions upon this point, and, from the legislature adopting in that act the word "contract," instead of "promise," requiring that the contract, not promise, for the sale of lands should be in writing, it may well be supposed that they intended to adopt the word with the prevailing construction which had been placed upon the term "agreement" in this connection, as embracing the consideration as well as promise.

Contract may be said to be a broader term in this regard than agreement, and to more imperatively demand the construction that it embraces the consideration. A contract would seem to import something more than an agreement. It is defined to be "an agreement upon sufficient consideration to do or not to do a particular thing." A consideration is a necessary element of a contract.

This court, in *McConnell* v. *Brillhart*, 17 Ill. 354, in considering the sufficiency of writings under the Statute of Frauds, in a case respecting the sale of land, recognizes the principle that they must contain enough on their face, or by reference, to fix the names of the parties, the description of the property, and the consideration to be given. This was under the statute prior to 1869, requiring the agreement to be in writing.

In the revision of 1874, the act of 1869 is retained entire, but, in the section following, it is expressly provided, that the consideration need not be expressed in the writing, but may be proved by parol. This went into effect after the time of bringing the suit.

We are of opinion that the provision of the statute of 1869, that the contract for the sale of land should be in writing, required the consideration for the promise, as well as the promise itself, to appear in writing, and that the demurrer was properly overruled to the third and fourth pleas, which would entitle the defendants to their judgment, although there was error in overruling the demurrer to the third plea, the record disclosing one good answer to the declaration, which is admitted by the demurrer.

The action is not brought for the recovery of the money named in the written instrument, but for the breach of contract in not conveying the land.

The judgment must be affirmed.

*Judgment affirmed.*