## FRANKLIN MILLER

### v.

## THE BUCKEYE MUTUAL FIRE INSURANCE COMPANY.

SUBMISSION AND AWARD — PLEADING — NON 'EST FACTUM. — Plaintiff brought suit upon an award of arbitrators, and in his declaration counted upon a written submission, and made profert thereof, to which defendant filed a plea denying that such submission was ever made by defendant. Plaintiff demurred to the plea. *Held*, that the plea presented a good defense. The demurrer admitted the truth of the facts alleged in the plea, and if there was no submission the award was not binding. Where the action is upon an award it is necessary to allege a mutual submission.

APPEAL from the Circuit Court of Stephenson county; the Hon. J. V. EUSTACE, Judge, presiding.

Mr. HENRY C. HYDE and Mr. J. I. Neff, for appellant; that arbitrators are considered the agents of both parties, cited Ballance v. Underhill, 3 Scam. 453; Morse on Arbitration, 106.

That every reasonable intendment will be indulged to sustain an award: Karthus v. Ferrer, 1 Pet. 222; Butler .v. The Mayor, 1 Hill, 489; Merritt v. Merritt, 11 Ill. 565.

The award concludes the parties from again litigating the same subject matter, and is a bar to a suit upon the original cause of action: Smith v. Douglass, 16 Ill. 34; Armstrong v. Martin, 11 Johns. 189; Gerrish v. Ayers, 3 Scam. 245.

The award will not be set aside, though the submission may not be in conformity with the statute: Eisenmeyer v. Sauter, 77 Ill. 515; Colcord v. Fletcher, 50 Me. 400; Mitchell v. Wilhelm, 6 Watts, 260; Fox v. Hazleton, 10 Pick. 275; Norton v. Savage, 10 Me. 456; Randolph Co. v. Ralls, 18 Ill. 29.

Mr. ANDREW HINDS and Mr. E. P. BARTON, for appellee; argued that adjustment of differences by arbitration was purely statutory, in derogation of the common law, and the parties must bring themselves within the provisions of the statute, and cited Senior v. Brebnar, 22 Ill. 252; Moore v. Hamilton, 2 Gilm. 429; Ætna Ins. Co. v. Stevens, 48 Ill. 32.

PILLSBURY, J.   Action of debt upon an award, commenced by the appellant against the appellee, in the Circuit Court of Stephenson county.   The declaration contained five counts originally, to which the defendant pleaded, and a general demurrer being overruled to all the pleas except the first, the plaintiff dismissed all the counts in his declaration but the second and third, and the defendant withdrew its first plea. The plaintiff thereupon abided by his demurrer to the third, fourth and fifth pleas to the second and thirds counts in the declaration, and judgment was rendered for the defendant for its costs.

The plaintiff thereupon appealed to this court, and assigns for error the overruling of such demurrer.   The second and third counts set out the agreement or submission in *hæc verba*, declaring that the plaintiff and defendant duly executed the

same, and makes *profert* thereof, and alleges that it is in the words and figures following:

"State of Illinois, } ss.
   Stephenson County. }

" In the matter of claim made by Franklin Miller for loss by fire, under policy of insurance No. 770, in the Buckeye Mutual Fire Insurance Company.

" Whereas, Henry C. Hyde, county judge of Stephenson County, upon an appeal to him for that purpose, made by Franklin Miller, in the matter of said loss by fire, did, on the 18th day of January, A. D. 1878, in pursuance of a notice and application for that purpose, appoint William Askey, Oscar Taylor and Abram T. Green, as a committee of reference, to determine matters of dispute between said Franklin Miller and the said Buckeye Mutual Fire Insurance Company, in relation to said loss by fire under said policy of insurance, said appointment having been made by said county judge, in pursuance of an act of the legislature of the State of Illinois, entitled 'An act to authorize the formation of township insurance companies,' and also of one of the provisions of said policy of insurance.

" And whereas, objection has been made by said Buckeye Mutual Fire Insurance Company to the appointment of the persons composing said committee of reference, for the reason that they were not present at the time such appointment was made. And whereas, the hearing of said matter of dispute between said Franklin Miller and said Buckeye Mutual Fire Insurance Company was by the committee of reference aforesaid postponed until Wednesday, January 23d, at ten o'clock in the forenoon of that day.

"And whereas, said Buckeye Mutual Fire Insurance Company, by William Wagenhals, its president, and George J. Donmeyer, its secretary, and Franklin Miller on his own part, have mutually agreed that the following named persons, to wit: Edward L. Conkrite, James S. Taggart and J. H. Pierce, shall be substituted for, and take the place of, the committee of reference hereinbefore named as having been appointed by the county judge of said county, and in all respects act and

dispose of said matter of dispute between the said Buckeye Mutual Fire Insurance Company and the said Franklin Miller, the same as if they had been originally appointed by said county judge of said county on an appeal for that purpose to act as a committee of reference in the matter of said dispute; objections being hereby waived to the manner and form of this appointment, neither of the parties hereto waiving any rights they may have had under the original appointment by the county judge as aforesaid.

"It is agreed that said Edward L. Conkrite, James S. Taggart and J. H. Pierce, shall meet as such committee of reference, at the county court room, in the court house at Freeport, to hear and determine the matter of dispute aforesaid, on Wednesday, the 23d day of January, A. D. 1878, at 10 o'clock in the forenoon of said day.

"In witness whereof, the said Buckeye Mutual Fire Insurance Company has caused these presents to be signed by its president, and attested by its secretary, and the said Franklin Miller has hereunto set his hand, this 18th day of January, A. D. 1878.

"THE BUCKEYE MUTUAL FIRE INSURANCE COMPANY,

"By WILLIAM WAGENHALS, its President,

"FRANKLIN MILLER.

"Attest:

"GEORGE J. DONMEYER,

"Sec'y Buckeye Mutual Fire Insurance Company."

Each of said counts also contains a *verbatim* copy of the alleged award upon which the action is based. The third and fourth pleas to these counts seek to raise the question of the jurisdiction of the county judge, and of this committee of arbitration, under the charter and by-laws of the company, and the conditions contained in the policy, which questions we have deemed unnecessary to consider, inasmuch as in our opinion the fifth plea constitutes a perfect defense to the actions.

The fifth plea is as follows:

"And for a further plea to said second and third counts in said declaration, said defendant says *actio non*, etc., because it says it did not execute the instrument in writing in each of

said counts in the words and figures set forth, and in each of said counts alleged to have been executed by this defendant, and of this said defendant puts itself upon the country, etc.

> "ANDREW HINDS,
> " E. P. BARTON,
> " Def 'ts' Attorneys."

These counts in the declaration as a foundation for the jurisdiction of the arbitrators to act, allege very properly the execution of the submission. The plea denies that the defendant ever made the same, and the demurrer admits the truth of the plea. If there was no submission, of course the award is not binding upon the defendant. Where the action is upon the award it is necessary to allege in the declaration a mutual submission. Cole v. Chapman, 2 Scam. 35.

The fifth plea, therefore, presenting a good defense to the action, the judgment for defendant was right. One good plea is sufficient to bar the action. Evans v. Anderson, 78 Ill. 607.

The judgment must be affirmed.

Judgment affirmed.