The judgment of the court below will be reversed.

Judgment reversed.

---

THE PEOPLE, use, etc.,

. V.

THOMAS S. BEACH.

PLEADING.—Under our practice, a defendant may interpose as many defenses by plea as he may have, and if he succeed in establishing any one of such defenses he recovers, and the defense may as well be established by the admission of the facts alleged in a plea by demurrer as by evidence upon the trial upon issue joined.    As the second plea in this case constitutes a complete bar to the action, the judgment is affirmed.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding.    Opinion filed January 16, 1885.

This was an action of debt against the appellee, Beach, and his sureties, upon his bond as sheriff of Whiteside county.

The declaration is in the usual form, setting out the recovery of a judgment, the issuance of execution thereon, the delivery thereof to Beach, the possession and ownership in Thomas H. B. Davis of personal estate, subject to levy under such execution, at the date of delivery aforesaid, with the assignment that Beach, as sheriff, did not, before the return day of the execution, cause to be made the moneys, or any part thereof, and did not, nor would make return of said execution, as therein commanded.

The second assignment charges that the execution of Reuben Davis, on the 9th day of May, 1881, against Thomas H. B. Davis, was placed in defendant Beach's hands to be executed, as sheriff; that at that time the defendant in such execution was in possession of goods and chattels of the value of $5,000, situated in Whiteside county, of which defendant, Beach, had knowledge; that defendant, Beach, did not nor would make the levy of said execution, but on May 20, 1881, permitted a constable of said county, under executions issued subsequent to the plaintiff's execution, to levy upon the goods of said Thomas H. B. Davis, and sell $4,000 worth of the same, while the execution of plaintiff was in full force and effect, and a lien on said goods prior to the executions in the hands of said constable.

The third assignment charges that the execution of Reuben Davis was on May 9, 1881, in the hands of defendant Beach, and was then in full force and effect, and a lien of the goods and chattels of Thomas H. B. Davis, and that on May 12, 1881, sundry and divers executions were issued to and placed in the hands of James Varian, a constable of said county, to be levied upon the goods and chattels of Thomas H. B. Davis; that the constable, under said executions, sold a portion of the goods and chattels of Thomas H. B. Davis, on July 8, 1881, and paid over on that day to said defendant Beach, as proceeds of such sale, $1,000, to be applied by said Beach, as sheriff, in satisfaction of the execution of Reuben Davis, and that said sum of money of right should have been turned over to Reuben Davis by said defendant Beach on demand made therefor; that said Beach has not, before or since the return

The People v. Beach.

day of said writ, on demand made therefor, paid over to Reuben Davis the money so received by him, or any part thereof.

Fourth charges that defendant, Beach, whilst the execution of Reuben Davis was in full force and effect, levied said execution of $1,000 worth of goods, the property of Thomas H. B. Davis, and neglected and refused to make sale under said levy till July 1, 1882, and meantime so negligently and carelessly cared for said goods that the same deteriorated in quality, and that the same were sold under said levy for $500,. leaving the execution of Reuben Davis unsatisfied to the extent of $800.

The defendant filed nine pleas, and the plaintiff demurred to all of them except the first, which was a plea of *nil debet*, and the court adjudged the pleas good except the ninth.   The defendants asked and obtained leave to file an additional plea which more fully stated the facts relied upon as a defense. Upon demurrer to this plea the court held it sufficient, whereupon the plaintiff elected to abide by their demurrer to all the pleas adjudged to be good by the court, and the defendants withdrew their first plea, and the court rendered judgment for the defendants in bar of the action, and the plaintiffs appealed.

Mr. C. J. JOHNSON and Mr. J. E. McPHERRAN, for appellant.

Mr. O. F. WOODRUFF and Mr. J. D. ANDREWS, for appellees.

PILLSBURY, J.   The argument of counsel for appellants is directed at the action of the court in overruling the demurrer to the additional plea.

Perhaps the plea may be bad, as suggested by counsel, in that it is no answer to the allegation of neglect in taking proper care of the goods, whereby they depreciated in value, and that the excuse shown by the plea for not applying the money in his hands upon the execution is not sufficient, but

we find it unnecessary to decide that point, as the judgment must be affirmed upon other grounds.

The action of the plaintiff is grounded upon the alleged fact that Davis, the beneficiary, placed in the sheriff's hands for collection, an execution regularly issued upon a judgment in his favor against one Thomas H. B. Davis.

The second plea is a traverse of this averment in the declaration. The demurrer was overruled to this plea as well as to the others pleaded, and the plaintiffs elected to stand by their demurrer.

No reason has been suggested by counsel why this plea is not a perfect answer to the declaration, neither have we been able to discover any.

The finding of the court is, as shown by the record, that the several pleas are a good answer to the declaration, and the plaintiffs electing to abide by their demurrer to the said pleas, the judgment should be for the defendants.

Under our practice a defendant may interpose as many defenses by plea as he may have, and if he succeeds in establishing any one of such defenses, he recovers.

And the defense may as well be established by the admission of the facts alleged in a plea as by evidence upon the trial upon issue joined.

Without passing upon the merits of the several pleas in detail, we are of the opinion that the second plea constitutes a complete bar to the action, and one good defense being sufficient, the judgment should be affirmed. Patmore v. Haggard, 78 Ill. 607.

Judgment affirmed.