## E. G. Hamlin, Appellee, v. Thomas Piser et al., Appel= lants.

## Gen. No. 15,826.

1. SURETYSHIP—*parol evidence competent to identify instrument referred to in contract of guaranty.* If a guaranty purports to guarantee the partial payment of a note to an extent described with accuracy, parol evidence is competent to fully connect the instrument of guaranty with the note referred to therein.

2. SURETYSHIP—*what consideration sufficient to support guaranty.* Forbearance in the enforcement of an antecedent debt is a good consideration for the guaranty of a note given to represent the same which note is made payable in the future.

3. SURETYSHIP—*when lack of diligence no defense to action upon guaranty.* The unconditional guarantor of an indebtedness may not require that the owner institute proceedings against the maker.

4. STATUTE OF FRAUDS—*when guaranty not within.* A written guaranty which does not on its face state a consideration is not within the Statute of Frauds if actually supported by a valid consideration.

5. INTEREST—*in action again guarantor.* If a contract of guaranty is not performed interest may be recovered against the guarantor to

the same extent that it could be recovered against the principal debtor.

6. MUNICIPAL COURT—*when objection of variance unavailing.* If the statement of claim sufficiently advised the defendant of the nature of the plaintiff's action, an objection of variance will not be considered.

Appeal from the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

HORNSTEIN & FISHER, for appellants.

PRINGLE, NORTHUP & TERWILLIGER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

Recovery was had in this case upon a guaranty which reads as follows:

"Chicago, Jan. 11, 1906.

We the undersigned hereby guarantee payment of one-third viz.: $700.00 of the note of $2100.00 drawn in favor of E. G. Hamlin of Three Oaks, Mich., and bearing even date herewith.

(Signed)    Thos. Piser.
            Max Gutkowsky.
            Sam S. Piser.

The above $2100.00 is due in three payments, viz.:
    One-third Jan. 11, 1907.
    One-third June 11, 1907.
    One-third Jan. 11, 1908."

There was also introduced in evidence a note bearing the same date for $2100, made by the Rossuck Manufacturing Company to the order of the appellee, and testimony was introduced tending to show that the note for $2,100 mentioned in the guaranty is the note last referred to.

The cause was submitted to the court without a jury and there was a finding for the appellee and against the appellants, the damages being fixed at the sum of

$700 and interest thereon at 6 per cent., and a judgment upon such finding.

The points relied upon by appellants for reversal, as shown in their brief, are that the parol evidence offered for the purpose of connecting the two instruments above referred to was inadmissible; that the guaranty, being a guaranty of a pre-existing debt, not being based upon a new consideration, is therefore not enforceable; that the instrument was void under the Statute of Frauds; that the appellee failed to exercise due diligence; that there is a variance between the declaration and the proof; that interest should not have been allowed.

It will be noticed that the guaranty by its terms describes with accuracy the note for $2,100, the payment of one-third of which was guaranteed, excepting that it does not state the name of the maker.    In such circumstances, we think that parol evidence to connect the two instruments was proper (Myers v. Munson, 65 Ia. 425; Lee v. Butler, 167 Mass. 426).    We think that the guaranty expressed the substance of the contract with reasonable certainty by reference to the other note, and that the case is thus distinguished from that of Fraser v. Howe, 106 Ill. 563, cited by appellants.

With regard to the claim of lack of consideration, we would say that the evidence tends to show that the note for $2,100 was given for an antecedent indebtedness, the payment of which was postponed for two years, the note being payable "on or before two years after date."    This, in our opinion, is a good consideration (Webbe v. Romona Co., 58 Ill. App. 227; Harris v. Harris, 180 Ill. 157).

We do not think that the guaranty is open to the objection that it was void under the Statute of Frauds. While it is true that the guaranty itself did not state the consideration, that, under the Statute of Frauds which is now in force, is not necessary (Patmore v. Haggard. 78 Ill. 607).    The essential thing is that the

promise to answer for the debt of another be in writing.

The next point urged by the appellants is that the appellee did not show diligence in the collection of the note. Their argument on this point is based upon numerous authorities, none of which we think is in point. In Dillman v. Nadelhoffer, 160 Ill. 121, the endorsement on the note was in these words: "I guarantee the collection of the within note." To guarantee the collection of a note is one thing, and to guarantee the payment is another. It may well be that one who merely guarantees the collection of a note—a conditional guarantor—may insist that the owner of the note use diligence in attempting to collect it; but the unconditional guarantor of an indebtedness may not require that the owner institute any proceedings against the maker (Penny v. Crane Bros. Mfg. Co., 80 Ill. 244).

The next point insisted upon by appellants is that there is a variance between the declaration and the proof. With respect to this matter it is sufficient to say that no pleadings are required in the Municipal Court. The statement of claim sued on it is true contained both the note and the guaranty. As the appellants were not the makers of the note it is quite apparent that the document sued on was the guaranty itself, copy of which appeared in the statement of claim underneath the copy of the note. In our opinion the statement of claim sufficiently advised the appellants of the nature of appellee's claim.

Nor, in our opinion, can there be any question that the appellants are liable for the interest. In the case of Gridley v. Capen, 72 Ill. 11, the language of the guaranty was: "For value received we guarantee the payment of the within note when due," etc. In that case it appears that the note contained a provision to the effect that if not paid at maturity the maker should forfeit and pay 20 per cent. interest per annum till paid, as liquidated, agreed and assessed damages thereon for the detention and nonpayment. The court held that the

guarantor was liable for this 20 per cent. and this language is used: "He (the guarantor) would certainly be liable for the interest which would be given on suit brought, by way of damages; then why not for stipulated damages?" It is true that in the case last referred to the guaranty was for the payment of the whole of the note. In the case before us the guaranty is for the payment of one-third of the note, and, in our opinion, the same rule should govern.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*