FRANKLIN,
January,
1836.

THOMAS CHAMBERLAIN vs. W. HOPPS and W. HOPPS, JR.

Delivery is essential to the validity of a promissory note.

The maker of a promissory note takes it from the holder, for the purpose of obtainig the signiture of a surety. Another signs as surety, but the principal refused to re-deliver the note. The surety is not liable to a suit on the note.

This was an action of assumpsit upon two promissory notes described in the declaration.—Plea, general issue.

The plaintiff in support of his daclaration offered to prove that the notes in question were executed by the defendant for a certain piece of land. That the defendant, William Hopps Jr. called on the plaintiff who resides in Burlington and concluded a trade with him for the land. Upon that occasion the plaintiff executed his bond to the defendant William Hopps Jr. conditioned to deed the land to said Hopps upon the payments of the notes in question— and at the same time the said Hopps Jr. executed the notes in question. That the plaintiff proposed to said Hopps Jr. to procure the other defendant William Hopps to sign said notes as surety, which Hopps Jr. agreed to do, and the plaintiff handed said notes

to the said Hopps Jr. for that purpose. And thereupon Hopps Jr. executed the following receipt to the plaintiff for the two notes together with other notes therein described executed and delivered by said Hopps Jr. at the same time and for the same purpose.

FRANKLIN,
January,
1836.
————
Chamberlain
vs.
W. Hopps &
W. Hopps Jr.

" Burlington, March 16th, 1833.

" Received of T. Chamberlain twelve notes purporting to be notes against William Hopps Jr. and William Hopps and signed by William Hopps Jr. these notes are received for the purpose of obtaining the signature of William Hopps, which I agree to obtain, and return the notes of T. Chamberlain by the 1st day of May next. Said notes all bear date March 16th 1833, six of them are for one hundred dollars each, and one of \$36,00, one of \$30,00, one of \$24,00, one of \$18,00, one of \$12,00, and one of \$6,00.

(Signed by) WILLIAM HOPPS, JR."

That said Hopps Jr. took the notes and within the time specified in the receipts presented the same to said William Hopps and procured his signature thereto. That said Hopps Jr. again took the notes into his possession and still holds the same, and also that said defendant was served with notice to produce the same on trial. To the introduction of this proof the defendant objected and the same was rejected by the court as insufficient to entitle the plaintiff to recover.

The plaintiff excepted to this decision of the court below upon which the cause was ordered here for revision.

*H. R. Beardsley for plaintiff.*—Whether the present action can be sustained depends upon the question, whether the testimony offered was sufficient to show a delivery of the notes by both defendants—if it was, we are not aware of any other principle of law, which can interpose to prevent a recovery.

It appears by the case that William Hopps Jr. executed and delivered the notes in question to the plaintiff at Burlington—that after the execution and delivery of said notes the plaintiff proposed to said Hopps to procure the signature thereto of William Hopps, his father, as surety. This William Hopps Jr. undertook to do, and the notes were handed by the plaintiff to him for that purpose.

It is believed no doubt can exist that here was a perfect execution and delivery by William Hopps Jr. the contract was complete in all its parts and the rights and liabilities of the parties become fixed.

2. The next question is whether the facts offered to be proved, are sufficient as to constitute a delivery as to William Hopps.

The case shows that William Hopps Jr. in pursuance of his

FRANKLIN,
January,
1836.

Chamberlain
vs.
W. Hopps &
W. Hopps Jr.

agreement with the plaintiff took the notes and presented them to William Hopps for his signature, and that he signed and delivered them to the said William Hopps Jr. Now, if William Hopps Jr. could act as the agent for the plaintiff in this business, certain it is, that the execution of the notes by William Hopps and delivery to William Hopps, Jr. was in contemplation of law a delivery to the plaintiff, and upon such delivery the notes took effect as to both defendant and a liability at once attached.

This then leads to the only *remaining* consideration, namely, whether the plaintiff could legally constitute William Hopps Jr. his agent for this purpose.

We are unable to distinguish this from any other common case of agency—and are not aware of any principle or rule of law applicable to this, which would not obtain in every other case.

At the time William Hopps Jr. executed and delivered the notes to the plaintiff his obligation became perfect, and as to him, nothing remained to be done. The plaintiff could as well employ him as his agent as any other person.

*Smalley and Adams for defendants.*—This action being founded on the joint promissory notes of the defendants the plaintiff is bound to prove a joint liability upon both or he cannot recover.

One signer of a promissory note cannot be constituted the agent of the payee to accept the delivery of a note from his co-signer so as to make the note valid until delivered to the payee or his agent because he cannot at the same time act as principal and agent in the same transaction.

The opinion of the court was delivered by

PHELPS, J.—It is admitted that the plaintiff must prove a joint contract in order to recover. The note in question when delivered to the plaintiff was the note of Hopps Jr. only. It was subsequently delivered to him for the purpose of obtaining the signature of the other defendant. It was signed by him, but never re-delivered to the plaintiff. Did it then ever take effect, as between these parties, as the joint note of the two defendants.

We think not. Although upon its face the joint note of the two, yet never having been delivered after it assumed that shape, it never took effect as a joint contract. Indeed it may well be doubted, whether it even took effect as the several contract of Hopps Jr. If we consider it a part of the original contract that the notes were to be signed by the other defendant then it was an unfinished and imperfect security in the hands of the plaintiff in the first in-

FRANKLIN,
January,
1836.

Chamberlain
vs.
W. Hopps &
W. Hopps Jr.

stance, and when delivered to the defendant was wholly inopera- tive. If then it was never delivered in the shape and terms contem- plated by the original contract, it never had any perfect obligation.

If we consider it as perfect in the first instance, as signed only by Hopps Jr. and as being all the contract required, it would be difficult to discover upon what ground the liability of the other de- fendant could rest; unless upon the ground of an actual delivery of the notes thus signed by both, which might indeed import a consideration, and thus be evidence of a perfect obligation.

It is impossible to treat Hopps Jr. as holding this note, thus ex- ecuted by both defendants, as the agent of the plaintiff, without confounding all distinctions. A principal in a contract can not be in the nature of things the agent of the other party in respect to that contract. The contract may indeed constitute him an agent for some collateral purpose, but the essential requisite of a *deliv- ery* of such a security is not to be evaded by such a supposition.

We consider the undertaking of Hopps Jr. to be substantially, to procure and deliver a note of a certain description, and this as a part of the original contract for the land. His refusal to deliver the note was, in effect, a refusal to complete that contract. He may perhaps be liable for such refusal, or perhaps, as between him and the plaintiff, he may be liable in trover for the note. But whatever may be the case as between them, the plaintiff can have no remedy against Hopps Sen. Further, Hopps the elder was a surety merely for his son. How then could he be held, if his principal refused to deliver the joint security? And if made lia- ble, how can he have a remedy against his principal? If the sig- nature of the father was required by the original contract, the son could not be required to indemnify him unless he chose to bind him by delivering the security when it was perfected. If it was not required by the original contract, then the procuring the signa- ture of the father was a mere voluntary courtesy on the part of the son which he was not bound to perform. If then he chose not to make the father holden, how can it be said that the father is at all events liable, and the son bound to indemnify him?

We are of opinion that the evidence was rightly rejected, and that judgment must be affirmed.