Stacy *v.* Baker.

---

MATTHEW STACY, administrator of Samuel Hitt, deceased, appellant *v.* ROBERT E. BAKER, appellee.

*Appeal from Morgan.*

Where there is a general demurrer to several pleas, if any one of the pleas be good, the demurrer must be overruled.

No principle is better settled, than that the laws of the country where the contract is made, shall govern its construction, and determine its validity.

Where a note was made in Kentucky, the laws of which State allow the same defence to be made against a note in the hands of an assignee, whether assigned before or after it becomes due, that may be made against the original holder or payee, and suit was brought upon said note, in Illinois, against the administrator of the maker, who had removed to this State: *Held* that the laws of Kentucky at the time of the making and assignment of the note, should be the rule of decision, and the defendant might avail himself of any defence that he could have availed himself of, if the suit had been prosecuted in Kentucky.

The existing laws of a State, at the time of the making and assignment of a promissory note, form a portion of the contract, and the liability of the maker should be determined under them.

The admission of an assignor of a promissory note, as a witness, to prove the time of assignment, is contrary to the rules of evidence.

THE appellee instituted a suit in the Morgan Circuit Court, against the appellant, by *petition and summons,* on the following notes:

" On or before the first day of September, eighteen hundred and thirty-four, we promise to pay William Miller, Jr., three hundred dollars, in silver, for value rec'd this 13th day of Oct. 1826.

SAMUEL HITT,<br>IRA HITT.

Attest, H. PARKER."

On which is the following assignment:

" I assign the within note, for value received, to Robert E. Baker, this 14th day of October, 1828.

WILLIAM MILLER, Jr."

" On or before the first day of September, eighteen hundred and thirty-five, we promise to pay William Miller, Jr., three hundred dollars, in silver, for value rec'd this 13th day of Oct. 1826.

SAMUEL HITT,<br>IRA HITT.

Attest, HENRY PARKER."

On which is the following assignment:

" I assign the within note, for value received, to Robert E. Baker, this 14th day of October, 1828.

WM. MILLER, Jr."

The defendant pleaded five pleas, to wit, 1. That he did not detain the debt; 5. Payment by his intestate; and the three following special pleas:

2. " And for further plea herein, he says, *actio. non,* because he says that the notes sued on were executed in Kentucky State, in part consideration of the sale of a tract of land and mill thereon situate, in the State of Kentucky, in Bourbon county, sold by William Miller, Jr. to the defendant;—that at the time of the sale and execution of said notes, William Miller, Sen., who had sold said property to said William Miller, Jr., had a lien on said property, as vendor, for the price equal to the value of said property, and that since the execution of said notes, the representative of said William Miller, has, by a decree of the Scott Circuit Court, having acquired jurisdiction by a change of venue from the Bourbon Circuit Court, both Courts of competent jurisdiction, enforced said lien on said mill and property, by a decree *in rem,* and that said property will not more than satisfy said lien:

and the defendant avers that said William Miller, Jr. is not solvent, so that any part of said lien could be collected out of his estate; and so the defendant says that the consideration of said notes has failed, and that by the laws of Kentucky the same defence is permitted against assignee as against obligee of said notes, and this he is ready to verify, &c. Wherefore he prays judgment, &c.

BROWN & WALKER, pd."

3. " And for further plea in this case, the defendant says *actio. non,* because he says the notes sued on were executed in the State of Kentucky, in part consideration of the sale of a tract of land and mill, situate in the county of Bourbon and State aforesaid. He also avers that William Miller, Jr., at the time of the sale of said property, was indebted to William Miller, Sen., for the purchase money thereof, he having bought the same of William Miller, Sen., and that said William, Sen., held a lien upon said property for said purchase money. He avers further, that a decree has been rendered in the Circuit Court of Scott county, Kentucky, a Court of competent jurisdiction, and which obtained jurisdiction by a change of venue from the Circuit Court of Bourbon county, and State aforesaid, also a Court of competent jurisdiction, enforcing said lien by a decree *in rem,* and that said property is not more than sufficient to satisfy said lien. Wherefore the defendant says that the consideration for which said notes were executed, has wholly failed, and this he is ready to verify. Wherefore he prays judgment, &c.

BROWN & WALKER, Attorneys pd."

4. " And the defendant for further plea, says *actio. non,* because, he says, that the notes sued on were executed in the State of Kentucky, in Bourbon county ; that by the laws of Kentucky, in force at the time said notes were executed, it was permitted a defendant to plead, as a valid defence to any action on such notes, that they were executed without any consideration, as well when the notes were assigned before, as after, they became due—that said law of Kentucky is still in force, and that said notes were assigned in the State of Kentucky. And the defendant avers that the notes sued on were executed without any consideration whatever, and this he is ready to verify, &c. Wherefore he prays judgment, &c.

BROWN, W. & H. pd."

To the 2d, 3d, and 4th pleas, the plaintiff demurred, and the demurrer was sustained by the Court. Issue was taken on the 1st and 5th pleas, and a trial had. On the trial, the following bill of exceptions was taken :

"Be it remembered, that on the trial of this cause, the plain-

tiff called a witness by the name of William Miller, Jr., who on examination by defendant's counsel, (he having been sworn,) stated that he was the assignor of the notes sued on, and in case the action was decided in favor of defendant, he was bound, as assignor, to pay the plaintiff the amount of the notes sued on. To his competency the defendant, by his counsel, objected; but the Court overruled the objection, and permitted the witness to give evidence to prove the assignment of the notes; but in relation to no other fact, in behalf of plaintiff, to which opinion and decision of the Court, the defendant by his attorney, excepts, and prays that this his bill of exceptions may be signed, sealed, and enrolled, which is done accordingly.

S. T. Logan. [L.S.]

Judgment was rendered for the plaintiff in the Court below, for $600 debt, and $49,80 damages, and costs of suit; from which the defendant appealed to this Court.

The appellant relied upon the following points:

" 1. That Miller was an incompetent witness, because of his actual interest as assignor of the notes sued on.

2. That he was an incompetent witness, because of his supposed interest.

3. That the *lex loci contractus* is always to be considered in ascertaining the essence, extent, and obligation of a contract, and that parties contract in reference thereto.

4. That the legal obligation of a contract consists in the existing remedies to enforce it.

5. That the sale of the mill and the execution of the notes was but one contract, and that it would be stripping the appellant of his legal remedies, to take away the defence set up in his pleas, and consequently so far as he is concerned, destroying the obligation of the contract. If the money was paid, it would deprive him of assumpsit to recover it. If notes given, of a bill in Chancery to have them cancelled.

6. That a removal from Kentucky to Illinois, should not be held to vary the extent of the contract, and hence the 2d, 3d, and 4th pleas are good.

. 7. An argument drawn from inconvenience, is strong in law, against the application of the statute of Illinois, in relation to the assignment of promissory notes, to cases like the present. The statute does not suit the condition of our agricultural people—it works great hardship, when the honest man, who, had he remained in Kentucky, would have been solvent, has by a removal to Illinois, so far changed the nature of his contracts, that without any consent on his part, or any new consideration to him accruing, his whole estate is swept from him by an enforcement of contracts, which had he not possessed sufficient enterprise to

emigrate to Illinois, could never have been enforced against him in Kentucky; because, there, after the failure of the considera- tion, they had neither moral nor legal obligation. *Argumentum ab inconvenienti est fortissimum in lege.*"

Authorities cited for the appellant:

To 1st point.   Barnes *v.* Ball, Mass. 73; Rice *v.* Stevens, 3 do. 225; note to Am. ed. N. Peake 212; Sturnits *et al. v.* Carey, 1 Dall. 270; note to Am. ed. N. Peake 214; Esp. N. P. 705; Brown *v.* Vance's Ex'rs. 4 Non. 418; Jackson *v.* Hallenback, 2 Johns. 394; Swift *v.* Dean 6 do. 525; Munf. 600; Herbert *et al. v.* Herbert, Breese 281; Am. ed. N. Peake 215.

To 2d point.   Sentney *v.* Overton, 4 Bibb. 445; 2 J. J. Mar- shall 391, Freeman *v.* Tuckett; 2 Bac. Abr., Am. ed., and au- thorities there cited, 592; Richardson's Ex'r. *v.* Hunt, 2 Munf. 148; Trustees of Lansinburg *v.* Willard, 3 Johns. 428; Plumb *v.* Whiting, 4 Mass. 518.

To 3d point.   Pearsall *v.* Dwight *et al.*, 2 Mass. 84; Powers *v.* Lynch, Term R. 77; Humphrey *v.* Collier, Breese 231; Kis- sam *v.* Burrell, Kirby 326; Amer. Dig. title *Lex Loci*, 238; 2 Kent. 364; Lewis *v.* Brackenridge, 1 Blackf. 221.

To 4th point.   Blair *v.* Williams, 4 Littell 34; Lapsley *v.* Bra- shears, 4 Littell 47; 3 Blac. Com. 23; 1 Bac. Abr. title *Actions in General*—letter B.

To 5th point.   2 Blackf. 365; 2 Bibb.; Story on Conflict of Laws 503–501; 1 Black. 221.

To 6th point.   2 Blackf. 316, 365; Chit. Cont. 21; Latest Am. ed. Chitty on Bills 86.

CYRUS WALKER and WILLIAM BROWN, for the appellant.

WILLIAM THOMAS, for the appellee, cited Baker *v.* Hitt's Admr's, 8 Peters; Bank U. S. *v.* Donally, 8 Peters 368.

SMITH, Justice, delivered the opinion of the Court :(1)

The sustaining the demurrer to the pleas of the defendant, and admitting the assignor of the notes as a witness, are now assigned for error.

On the first point, as the demurrer was a general one to the pleas of the defendant, if either of them are good, it follows that the judgment on the demurrer was erroneous.   Whatever may be the opinion of the Court on the second and third pleas, they can entertain no doubt of the validity of the fourth.   It alleges an entire want of consideration for the notes, and avers that they were made and assigned in Kentucky, and further avers what the laws of Kentucky were at the time of making and assigning of

(1) The facts having been already given, the statement of the case in the opi- nion of the Court, is omitted.

2J

the notes, in regard to the defence set up under this plea. This Court has determined in the case of Bradshaw v. Newman, "That no principle is better settled, than that the laws of the country where the contract is made, shall govern its construction and determine its validity;"(1) and this decision is but in accordance with the acknowledged rule of decision of the courts in the United States.

We are equally well satisfied that the fourth plea, setting up a defence under the laws of Kentucky, which was clearly available there, should be permitted in our courts; and that a change of the residence of the defendant has not changed his rights, or those of his representative, under a contract made under and with reference to those laws. The existing laws of Kentucky, at the time of making and assigning the notes, form a.portion of the contract when made, and the liability of the maker should be determined under them. To this both parties assented in making and receiving the notes.

The admission of the assignor, as a witness, was contrary to the rules of evidence, and we cannot see how he could be sworn to testify to a single fact, and not be an admissible witness for any other which could be legal evidence in the cause. His interest is apparent; and he seems to have admitted the conclusion of law as to his liability himself.

The Court having decided the demurrer erroneously as to the fourth plea, and improperly admitted the assignor as a witness, the judgment is reversed, the cause remanded with instructions to issue a *venire de novo,* and proceed in the cause.

*Judgment reversed.*

*Note.* See Bayley on Bills 586–590, notes.

The endorser of a note is a competent witness to prove whether he endorsed the note previously or subsequently to its becoming due. Baker v. Arnold, 1 Caines 258; Baird v. Cochran, 4 Serg. & Rawle 397; Smith v. Lovett, 11 Pick. 417.

In an action by the endorsee against the acceptor of a bill, the drawer or endorser is a competent witness, *for the plaintiff,* to prove his own endorsement. Byles on Bills 237.

*Note.* See 4 Cowen 510, which contains a very able note by the Reporter, upon the subject of the *lex loci,* and the *lex fori.*

In an action by the endorsee against the endorser of a foreign bill of exchange, the defendant is liable for damages according to the law of the place where the bill was endorsed. The endorsement is a new and substantive contract. Slacum v. Pomery, 6 Cranch 221; 2 Peters' Cond. R. 351.

It is a well settled principle that a statute of limitations is the law of the forum, and operates upon all who submit themselves to its jurisdiction. M'Cluney v. Silliman, 2 Peters 270.

The general rule of law is well settled, that the law of the place where the contract is made, and not where the action is brought, is to govern in enforcing and expounding the contract; unless the parties have a view to its being executed elsewhere; in which case it is to be governed according to the law of the place where it is to be executed. Cox *et al. v.* The United States, 6 Peters 172.

The general principle adopted by civilized nations, is, that the nature, validity,

(1) Breese 94.

Campbell *et al. v.* State Bank of Illinois.

and interpretation of contracts, are to be governed by the laws of the country where the contracts are made, or are to be performed. But the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the *lex fori.* No one will pretend, that because an action of covenant will lie in Kentucky, on an unsealed contract made in that State, therefore a like action will lie in another State, where covenant can be brought only on a contract under seal. Bank of the United States *v.* Donally, 8 Peters 361.

The law of the country where a contract is made, is the law of the contract, wherever performance is demanded; and the same law which creates the change, will be regarded, if it operate a discharge of the contract. Green *v.* Sarmiento, Peters' C. C. R. 74.

The laws of a foreign country where a contract is made, will be regarded by foreign tribunals as to the obligation of the contract, and its discharge; but as to the mere forms of proceeding, the laws of the country to whose tribunals appeal is made, must govern. Webster *v.* Massey, 2 Wash. C. C. R. 157.