First National Bank of Centralia, for use, etc.

*v.*

Henry W. Strang *et al.*

1. Promissory note—*delivery necessary to validity.* A delivery to the payee, either actual or constructive, is necessary to the validity of a promissory note.

2. Where the makers of a promissory note, payable to a bank, place it in the hands of their agent, for the purpose of getting it discounted at the bank, and the bank refuses to take the note, it does not become valid as a note, and a suit can not be maintained on it by the bank, either for itself or for any other person.

3. Same—*party taking without indorsement, when not payable to himself, takes subject to all legal or equitable defenses.* A person receiving a promissory note not payable to himself, without indorsement, or after due, takes it subject to all legal and equitable defenses; and if it turns out that it never was delivered to the payee, it can not be collected from the maker.

Writ of Error to the Circuit Court of Clinton county; the Hon. Silas L. Bryan, Judge, presiding.

Mr. G. Van Hoorebeke, for the plaintiff in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

The note sued on in this case was made and delivered by the payors to one Ervy, as their agent, to get it discounted at the bank. It was never negotiated to the bank, nor did it ever

own the note. It was presented to the bank for discount, but it refused to receive it and loan the money. Ervy thereupon sold and delivered the note to one Smith, who afterwards sold and delivered it to Gillespie, for whose use this suit is brought. He instituted suit on the note in the name of the bank, for his own use, giving bond for costs. A trial was had before the judge and a jury, resulting in a verdict in favor of the defendant, whereupon a motion for a new trial was entered, and overruled by the court, and a judgment was rendered on the verdict, to reverse which this writ of error is prosecuted.

The decision of this case turns upon the question of whether this instrument ever became valid and binding upon defendants in error—whether they are or can be liable on this paper. It was not received by the bank, but, on the contrary, the bank refused to accept or discount it. It never acquired any title to it, or any interest in or connected with it. Then, did it ever become a promissory note? Such instruments, until placed in a condition to be negotiated, are not operative as valid and binding negotiable paper; and persons receiving promissory notes not payable to them, without indorsement, or after due, take them subject to all legal and equitable defenses. If, then, this did not become a binding note on defendants in error before it was sold to Smith, he acquired no rights under it by his purchase from Ervy, nor did Gillespie acquire any from him. Had the bank received it, and sold it, with or without indorsement, the purchaser would have acquired title, under which he could have recovered, and so of any person to whom he might have sold the note.

But, like anything else which does not lie in grant, but in livery, title can only be acquired by delivery. Hence the bank to whom the note was payable never acquired any right to the note or the money named in it, either legal or equitable; but a note not delivered to the payee, or some one for him, is not a complete and executed instrument. A delivery to the payee, either actual or constructive, is necessary to the validity of the note. *Chamberlin* v. *Hopps*, 8 Verm. 94. Then, if a delivery to the payee was essential to vest the title in the

payee, this note, not having been delivered, never became effective or operative as a note. Did it bind defendants in error to pay the bank for their own use, or that of any other person? So far as the bank was concerned, it had no title, legal or equitable, to the note or the money, and, having no title, it could not maintain an action for the recovery of the money for itself or others.

When Smith purchased the paper of Ervy, he took it without indorsement by the payee, and hence took it chargeable with notice that defendants in error were not liable to pay the money; that it was an incomplete instrument, lacking a delivery to the payee, to give it legal force and vitality, and hence acquired no legal rights which he could enforce against defendants in error, and having no rights, legal or equitable, he could confer none by a sale to Gillespie. The instrument, as they received it, was simply void for want of execution by delivery. They hold it precisely as if defendants in error had written the paper, signed it, lost it before delivery, and they had found it and attempted to force its collection, which all must concede they could not do. Having taken it without indorsement, they are presumed to have inquired, or, if not, it was their duty to inquire, and learn what Ervy's power was. He had no authority to sell or negotiate the note. His only authority was to procure its discount at the bank; and such being the limit of his power, and Gillespie being chargeable with notice of that fact, he has no claim, equitable or legal, to enforce its payment. Had the bank indorsed it, then the rights of a *bona fide* purchaser, without notice, would have been protected, as they would then have had evidence that the note had been executed as a legal instrument, and such evidence as the makers could not have controverted.

When negotiable paper is indorsed and put into circulation, if even by fraud, all persons taking it before dishonor or maturity, as *bona fide* purchasers, without notice, are protected; but in the case at bar, this element was entirely wanting. They purchased from a person having no title, an instrument entirely

void, and chargeable with notice of those facts, and have acquired no rights which can be enforced in the courts.

This view of the case renders it unnecessary to determine whether there was error in giving, refusing or modifying instructions in the court below.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*