JOSEPH LEONARD

*v.*

W. T. PATTON.

*Filed at Springfield March 29, 1883.*

1. APPEALS—*reviewing controverted questions of fact.* In a suit upon a note, in which usury is pleaded, and evidence introduced on both sides as to the issue, when the Appellate Court affirms the judgment of the trial court the judgment of the Appellate Court is conclusive upon this court as to the fact of usury, when so found, as well as upon all other controverted questions of fact.

2. PRACTICE—*withdrawal of plea.* The practice is well settled that a defendant may, in the discretion of the court, abandon any part of his defence during the trial, and hence there is no error in allowing a defendant to withdraw his plea of the general issue in assumpsit, and rely on his special pleas.

3. USURY—*what constitutes usury.* If a contract exists, whether express or implied, at the time of or subsequent to the entering into the agreement, to take or reserve more than lawful interest, it is such an agreement as is within the provisions of the statute. To constitute usury from the taking of interest upon interest, it is not necessary to prove that there was an agreement made in advance for the payment of such interest.

4. An agreement to give a given sum in excess of the legal rate of interest in consideration of an extension of the time of payment, is as much in violation of the statute against usury as an agreement to pay twenty per cent interest. The statute can not be evaded by any shift or device. The law looks to the substance, and not the form of the transaction.

5. SAME—*measure of recovery.* If usury is reserved in a note, the payee will only be entitled to recover the amount due him when the contract for usury was made.

6. SAME—*effect of subsequent promise to pay.* After a contract to pay more than the legal rate of interest has been made, a subsequent promise to

pay will not relieve the contract of the taint of usury, or prevent the defence of usury from being interposed.

7. SAME—*proof in avoidance of plea of usury.* In a suit on a note in which usury and usurious payments are pleaded, there is no error in instructing the jury, for the defendant, that if the plaintiff relies upon an agreement to pay compound interest, he must prove such agreement by a preponderance of the evidence.

8. TENDER—*of the proper judgment.* If the amount due on a note is tendered before suit is brought thereon, and the tender is kept good by bringing the money into court, the defendant is entitled to a verdict on that issue when the tender is pleaded.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. CHARLES H. WOOD, and Mr. CALVIN H. FREW, for the appellant:

The evidence does not make out a case upon which usury can be predicated. *Daniels* v. *Wilson,* 21 Minn. 530; *Kellogg* v. *Hickcok,* 1 Wend. 521.

If a borrower, without an original agreement, instead of paying the legal interest agrees to pay interest thereon, as well as on the principal, for further forbearance, it is legal, and not usurious. *Haworth* v. *Huling,* 87 Ill. 23; *Rodes* v. *Blythe,* 2 B. Mon. 335.

A note given for interest on arrears of interest is not usurious. *Stewart* v. *Petrie,* 55 N. Y. 621; *Camp* v. *Bates,* 11 Conn. 487; *Wilcox* v. *Howland,* 23 Pick. 167; *Edgerton* v. *Weaver,* 105 Ill. 43.

Again, there must be a previous corrupt agreement to constitute usury. (*McGill* v. *Ware,* 4 Scam. 21.) And there must be an intention of the party to take usury to make the contract usurious. (*Cooper* v. *Nock,* 27 Ill. 301.) Both these elements are wanting in this case.

We claim the refused instruction, that "to constitute usury by taking interest upon interest, it must appear that there

was an agreement made in advance for the payment of such interest, and if none has been shown in this case, then, even if interest upon interest was reckoned in the note given in 1876, this would not constitute usury," is the law, and that the refusal to give it was error. *Edgerton* v. *Weaver*, 105 Ill. 43.

Mr. THOMAS F. TIPTON, and Mr. A. SAMPLE, for the appellee:

Usury may be by contract, express or implied, at the time or subsequent to the original agreement, to take or reserve more than lawful interest. *Peddicord* v. *Connard*, 85 Ill. 102.

A note given in renewal of a previous one, for a greater sum than was legally due, is usurious. *Loveland* v. *Ritter*, 50 Ill. 54.

Any contract or assurance for the loan or forbearance of money or other thing, upon which a greater rate of interest has been, directly or indirectly, reserved, is usurious. *Delano et al.* v. *Rood*, 1 Gilm. 690; *Hewitt et al.* v. *Dement*, 57 Ill. 501; *Gates* v. *Hackethal*, id. 534; *Hardin* v. *Eames*, 5 Bradw. 154; *Jenkins* v. *Bauer et al.* 8 id. 634.

An arrangement to pay a certain sum of money for the extension of time on a note, in addition to the legal interest, is usurious. *Ferner* v. *Scott, Admr.* 17 Iowa, 578; *Payne* v. *Waterson*, 16 La. Ann. 239.

The rule in this court is, that usury paid with the principal can not be recovered back, but so long as any portion of the principal remains, out of or in connection with which the usurious interest accrued, it may be deducted from or set off against such principal. *Howle* v. *Snydaker*, 86 Ill. 197; *Mitchel* v. *Lyman*, 77 id. 525; *Peddicord* v. *Connard*, 85 id. 102; *Jenkins* v. *Greenebaum*, 95 id. 11; *House* v. *Davis*, 60 id. 367; *Hadden* v. *Innes*, 24 id. 381; *Farwell* v. *Meyer*, 35 id. 41; *Sayler* v. *Daniels*, 37 id. 331; *Jenkins* v. *International Bank*, 97 id. 568. And further, see *Wright* v. *Elliott*, 1 Stew. (Ala.) 391; *First Nat. Bank* v. *Plankington*, 27 Wis.

177; *Vickery* v. *Dickson,* 27 id. 184; *Berlin* v. *Mapes,* 38 How. 288.

Counsel complain that appellee was allowed to withdraw the general issue. This, if not a matter of right, was clearly within the discretion of the court, and can not be assigned for error. *Ayres* v. *Kelley,* 11 Ill. 17; *New England Fire and Marine Ins. Co.* v. *Wetmore,* 32 id. 221; *Leigh* v. *Hodges,* 3 Scam. 15; *Fitzgerald* v. *Furgeson,* 25 Ill. 138.

Mr. Justice Craig delivered the opinion of the Court:

· This was an action of assumpsit, to recover the amount of a promissory note executed by the defendant and Davis Patton, on the 4th day of June, 1877, for $7054.56, payable to Joseph Leonard, six months after date. The defendant pleaded the general issue, usury, and tender, upon which issue was taken. A trial of the issues before a jury resulted in a verdict and judgment for the defendant. The plaintiff appealed to the Appellate Court, where the judgment was affirmed, and to reverse that judgment he has brought this appeal.

Whether the transaction was usurious was a question of fact, upon which evidence was introduced before the jury by both parties; and while the evidence to sustain the plea of usury is not as convincing in its character as we might require if that was a question properly before us, yet the judgment of the Appellate Court affirming the judgment of the circuit court, under the statute is conclusive upon all questions of controverted fact which were before the jury, and such questions can not be considered here.

On the trial the defendant asked and obtained leave to withdraw the plea of the general issue, and this is assigned for error. The practice is well settled, in this State at least, that a defendant may, in the discretion of the court, abandon any part of his defence during the trial. (*New England Fire*

*and Marine Ins. Co.* v. *Wetmore*, 32 Ill. 221.)   The court, therefore, did not err in allowing the plea to be withdrawn.

It is next claimed that the decision of the court in refusing plaintiff's instruction No. 10 was erroneous.   The instruction in substance declares: to constitute usury by taking interest upon interest, it must appear that there was an agreement made in advance for the payment of such interest.   The substance of this instruction was given to the jury in instructions Nos. 1 and 2, and the court was not required to repeat the same thing in a different form.   But if we are not correct in this, the instruction was in conflict with the law as declared in *Peddicord* v. *Connard*, 85 Ill. 102, where it is said: "If an usurious contract is made, whether express or implied, at the time of or subsequent to the entering into the agreement, to take or reserve more than lawful interest, it is such an agreement as is within the purview of our statute."

The next error assigned is, that the court erred in giving instructions Nos. 7, 8, 9, 10, 11 and 12.   These were the only instructions given on behalf of the defendant,—the others, from 1 to 6, inclusive, having been refused.   No. 7 merely informs the jury that if plaintiff relies upon an agreement to pay compound interest, he must prove such agreement by a preponderance of the evidence,—and, so far as we can see, it is unobjectionable.  ·No. 8 directs the jury that if they find, from the evidence, that there was usury in the note, plaintiff was only entitled to recover the amount due when the contract for usury was made,—and in this it conforms to our statute.   No. 9 directs the jury that if they should find, from the evidence, that defendant promised to pay the note in full, yet if they find that there is usury in the note, then such promise is not binding.   After a contract to pay more than the legal rate of interest has been made, we do not understand that a subsequent promise to pay will relieve the contract of the taint of usury.   If it did, the

statute could easily be evaded. No. 10 was given to guide the jury on the question of tender, and merely announces the familiar rule on the subject that if the amount due was tendered to plaintiff before the commencement of the suit, and the tender was kept good by depositing the amount in court, then they will find the issues for defendant. No. 11 is in substance like No. 9. No. 12 in substance directed the jury, if they find, from the evidence, that the note in suit was given for $150 more than was due from defendant to plaintiff, and in consideration of the excess in the note time of payment was extended six months, then the transaction is usurious. We perceive no substantial objection to this instruction. An agreement to pay a given sum in excess of the legal rate of interest in consideration of an extension of the time of payment, is as clearly in violation of the statute as if the agreement was to pay fifteen or twenty per cent interest. The statute can not be avoided by any shift or device which may be resorted to by the parties. The form of the transaction is not material, but whenever it clearly appears that more than the legal rate of interest has been exacted, the contract will be held to be usurious. Doubtless a party may lawfully contract to pay interest on interest past due, as announced in the instruction; but a contract to take a gross sum in excess of the legal rate of interest, or in excess of interest on interest past due, can not be sustained.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*