## WILLIAM DRURY
### V.
## WASHINGTON WOLFE ET AL.

*Usury—Compound Interest—Including Interest with Principal in Note —Intent.*

Any mode of arriving at the amount of interest to be paid on a loan, the contract for which is made in advance, which results in the taking and reserving more than at the rate of ten per cent per annum on each one hundred dollars loaned, must be regarded as a device to evade the usury law. That the lender acted in good faith and was free from *actual* intent to violate the law is immaterial.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. PEPPER & SCOTT, for appellant.

Messrs. BASSETT & BASSETT, for appellees.

LACEY, J. This was a bill to foreclose a mortgage given by appellees to appellant on certain real estate, to secure $10,275.86, evidenced by certain four promissory notes of the same date; one for $2,000 due in one year from date without interest till due; one for $2,500 due in two years, and one for $2,500 due in two years from date, and one in three years from date for $3,275.80, all without interest till due.

All the notes except the last have been paid, and a portion of that. The appellees pleaded usury to the amount remaining due on the last note. The cause was referred to the master, who, upon the evidence, found that there was usury in the inception of the contract and so reported. Upon exceptions to the master's report in the Circuit Court the court sustained the report of the master and dismissed the bill, which, if there was usury, was correct. From this decree this appeal is taken.

There is not much question or dispute as to the facts of this case. It appears that the notes were given in consideration of a loan of $8,000 by appellant to appellees at ten per cent interest, as follows: Notes were to be given for the amount, one for $2,000 due in one year with ten per cent interest, one for $2,500 due in two years, one for $2,500 due in three years, and one for $2,500 due in four years, all drawing

ten per cent interest. When the notes came to be drawn they were drawn up by appellant's direction as shown by the notes and mortgage. The method adopted by the parties to arrive at the amount of the notes and interest was as follows : The interest at ten per cent was calculated on the entire sum loaned for one year and then it was added to the principal sum and the first note taken from it; *i. e.*, $2,000, and then the interest calculated on the remainder at the same rate; and in like manner another note or sum of $2,500 was taken from the said last sum of principal and interest, and so on till the last note was reached, and what then remained was included in the last note of $3,275.80, which is the one in suit. In this last note there was included all the interest intended to be reserved on the entire amount for the entire time for which the money was loaned at ten per cent, with compound interest, and also $1,000 of the principal. It will be seen that the entire interest at ten per cent, on the $8,000, for the time for which it was loaned, would amount to the sum of $2,000, and there was therefore included in the said note the sum of $275.80 for interest, in excess of that sum.

This kind of a transaction is sought to be supported by counsel for appellant, by supposing that if the appellee had at the end of the first year actually paid to appellant on the entire $8,000, with the interest added, the sum of $2,000, first deducting the interest out of the payment and then reloaning the interest, and so on to the end, the transaction would have been legal and free from usury, and the same amount of money would have been secured to the payee of the notes. This may be admitted, but it does not by any means follow that where these transactions are merely chimerical and exist only in analogy that it will be free from usury. On the contrary, such mode of arriving at the amount of interest, which results in the taking and reserving more than at the rate of ten per cent per annum on each one hundred dollars loaned and forborne, can only be regarded as one of the many makeshifts and devices by which the usury laws are attempted to be evaded. This transaction and the mode of computing the interest, and the interest to be paid, was all agreed upon before the notes

were signed, and the notes signed in pursuance thereof. It does not matter that the appellant, as is contended, was acting in good faith and .free from any actual intention of violating the law. He intended to receive the amount of interest included in the notes and such intention and attempt was in palpable violation of the statute against usury. The question is clearly settled in a number of cases decided in the Supreme Court, some of which were first decided by this court. Leonard v. Potter, 106 Ill. 99; Bank of Galesburg v. Davis, 108 Ill. 633; Harris v. Bressler, 119 Ill. 467; Peddicord v. Connard, 85 Ill. 104.

Therefore, there was no error in the court below holding the notes to have been taken in violation of the statute against usury and rendering the decree it did.

The decree is therefore affirmed.

*Decree affirmed.*