### GEORGE P. BARRETT *vs.* CHRISTOPHER G. DODGE, JUN.

When a promissory note specifies no place of payment, the law of the place where it is made determines the liability of the maker and the construction of the note. Equitable defences allowed by such law are open to the maker.

The place where a note is delivered is the place where it is made.

A. in Baltimore wrote out a promissory note payable to himself, and sent it to B. in New York to be signed. B. signed it and mailed it back to A.

*Held*, that the note was delivered in New York.

The note specified no place of payment.

*Held*, that the law of New York governed the note and determined the equities between the maker and payee.

PLAINTIFF'S petition for a new trial.

*Elisha C. Mowry*, for petitioning plaintiff.

The vital question in this case is as to the place of contract, whether in New York or Maryland, as the laws of these states are in conflict with each other. The court below charged the jury that both notes were New York contracts. Hence, if either note was a Maryland contract, the court erred, and a new trial should be granted.

Both notes were given by the defendant to the payees, then, and through all the transactions relating to and resulting in the notes, residents of and doing business in Baltimore, for money borrowed of them by the defendant for his sole accommodation.

The larger note was for money borrowed in different sums at Baltimore, while the defendant was living there, "to help support his family and to help him along." It was drawn by the payees in Baltimore and forwarded to the defendant in New

York, whither he had recently removed, to be signed and returned to them, and was so signed in New York and returned to Baltimore by mail.

The smaller note was for money borrowed for the same purposes by the defendant, which money was delivered to him in person at Baltimore, or sent from Baltimore by mail to him, in different sums, as the defendant requested it from the payees of the note. This note, like the larger one, was written by the payees in Baltimore, and sent to the defendant in New York, to be signed and returned to Baltimore, and was so signed in New York and returned by mail to the payees in Baltimore.

These facts appear from the allowed statement of evidence, and from them it appears that the notes in suit were Maryland contracts. 2 Parsons on Contracts, 5th ed. *586, *587 ; 1 Daniel on Negotiable Instruments, § 868 ; *Bell* v. *Packard*, 69 Me. 105 ; *Lawrence* v. *Bassett*, 5 Allen, 140 ; *Milliken* v. *Pratt*, 125 Mass. 374 ; *Cook* v. *Moffat et al.* 5 How. U. S. 295 ; *Davis* v. *Coleman*, 7 Ired. 424 ; *Jacks* v. *Nichols*, 5 N. Y. 178 ; *Fant* v. *Miller*, 17 Gratt. 47 ; *Hyde* v. *Goodnow*, 3 N. Y. 266 ; *Conrad, in re*, 1 Legal Gazette Rep. 284.

*George B. Barrows*, for defendant.

*March* 1, 1890. MATTESON, J. This is an action of *assumpsit* on two promissory notes. The first is for $1,106.12, dated at New York, December 28, 1886, and made payable to the order of William E. Dodge & Son, twelve months after date. The second is for $200, dated at Baltimore, Md., January 27, 1887, and also made payable to the order of William E. Dodge & Son, four months after date, with interest at six per cent. per annum. The plaintiff claimed that both notes were indorsed and delivered to him by the payees before maturity, for their full value, on account of his guaranty of the indebtedness of the payee to Barrett Bros. & Co., of which firm the plaintiff was a member. The defence was, that the notes were so indorsed and delivered after maturity, and that the note for $1,106.12 had been renewed for another year, which had not elapsed at the bringing of the suit; and that the $200 note had been paid, or satisfied, by the terms of a written agreement between the defendant and the payees made contemporaneously with the note. The case was tried in this court and

resulted in a verdict for the defendant. The plaintiff moves for a new trial for alleged misrulings.

At the trial the plaintiff called as a witness Fred. A. Dodge, of the firm of William E. Dodge & Son, the payees of the notes, who testified : " Shortly after the $1,106.12 note was received, and before maturity, about the time it was received, we indorsed and assigned it over to George P. Barrett, the plaintiff, for its face value, on account of our indebtedness to Barrett Bros. & Co., for which he was our guarantor." In cross examination of this witness the court, against the plaintiff's objection, permitted a letter written by the witness to be read to the jury, of which the following is a copy of the material portion :

                           " BALTIMORE, MD., January 3, 1888.

"*C. G. Dodge, Jun.*, 214 *W. 55th Street, N. Y.* :

      " DEAR SIR : Enclosed please find note, which please sign and return. Your note due 31st ult. was for $1,106.12 ; $63.88, twelve months' interest, $1,172.50. We made no demand for it, as we knew you were in bad shape. . . .

                        " WM. E. DODGE & SON."

The plaintiff excepted to the ruling permitting the reading of the letter. We do not think the court erred. If the testimony of the witness in his direct examination, that the note in question had been indorsed or assigned to the plaintiff soon after it was given, nearly a year before the letter was written, was correct, it might be regarded as a somewhat unusual proceeding for him to have written the letter enclosing the new note in renewal of the old, and excusing the failure to make a demand upon the old note when it became due. It was precisely such a letter as William E. Dodge & Son might have written had they continued to be the owners of the note. It, therefore, in view of the direct testimony of the witness, called for explanation, and if not satisfactorily explained would be likely to affect the judgment of the jury in relation to the credibility of the witness. We think, therefore, that it was properly admitted in cross examination of the witness, for the purpose of affecting his credibility.

The court in its charge to the jury instructed them that both the notes declared on were to be considered by them as subject to

the equities between the payees and the maker, according to the law of New York as set forth in the decisions of the court of that State, which had been put in evidence, and not according to the law of Maryland or of this State.   To this instruction the plaintiff duly excepted.

The evidence shows that the notes were drawn by Fred. A. Dodge in Baltimore, and were sent by him to the defendant in New York for his signature ; that the defendant signed them in New York and returned them to the payees by mail.   No particular place of payment is specified in either note.   The authorities agree that if no particular place of payment is specified in a note, or if, in other words, it is payable generally, the law of the place where it is made determines not only its construction, but also the obligation and duty it imposes on the maker.   And therefore the maker may avail himself of any equitable defences given to him by the law of the place where the note is made.   Story on Promissory Notes, § 172 ; 2 Parsons on Notes and Bills, 318, 338, 358; *Stacy* v. *Baker*, 2 Ill. 417 ; *Evans* v. *Anderson*, 78 Ill. 558; *Young* v. *Harris*, 14 B. Mon. 556 ; *Allen* v. *Bratton*, 47 Miss. 119.   But by the place where the note is made is not meant the place where it is written, signed, and dated, but the place where it is delivered, delivery being essential to its consummation as an obligation.   So long as it remains in possession of the maker he is under no obligation whatever by reason of it, and it becomes binding upon him only when he has parted with its dominion and control by delivering it to the payee.   *Freese* v. *Brownell*, 35 N. J. Law, 285 ; *Hopper* v. *Eiland*, 21 Ala. 714 ; *Chamberlain* v. *Hopps*, 8 Vt. 94 ; *Marvin* v. *McCullum*, 20 Johns. Rep. 288.   The correctness of the instruction complained of depends, therefore, upon whether the notes are to be regarded as having been delivered in New York or Baltimore.   We think they are to be regarded as delivered in New York.   They were sent, as has been stated, by the payees in Baltimore, to the maker in New York for his signature.   In the absence of instruction to the maker as to the mode by which he should return them when signed, the payees must have contemplated that the maker would return them by the natural and ordinary mode of transmitting such obligations, and must be deemed to have authorized him to so return them.   The natural and ordinary

mode of transmitting them was by mail, the mode adopted by the maker. In such cases the post office may be regarded as the common agent of both parties; of the maker for the purpose of transmitting the note, and of the payee for the purpose of receiving it from the maker. By depositing the note in the mail with the intent that it shall be transmitted to the payee in the usual way, the maker parts with his dominion and control over it, and the delivery is in legal contemplation complete. *Kirkman & Luke* v. *The Bank of America et als.* 2 Cold. Tenn. 397 ; *Household Fire & Carriage Accident Ins. Co.* v. *Grant*, L. R. 4 Exch. Div. 216 ; also 32 Amer. Rep. note, page 40. *The King* v. *Lambton*, 5 Price, 428; 1 Addison on Contracts, *18, and cases cited in note.

The plaintiff also moves for a new trial on the ground that the verdict is against the evidence and the weight thereof. The testimony in behalf of the plaintiff in relation to the indorsement and delivery of the notes to him as security for his guaranty of the indebtedness of the payees to Barrett Bros. & Co., it is true, was not contradicted ; but it also appears from the plaintiff's own testimony that he knew the defendant was in poor circumstances when he took the notes as security, that he made no attempt to collect them when due, neither making demand on the maker nor notifying the indorsers, because he says he knew they were unable to pay them. And it further appeared that neither the books of William E. Dodge & Son, nor those of Barrett Bros. & Co., contained any entries with reference to the notes. And as affecting the credibility of the witnesses, William E. Dodge and Fred. A. Dodge, it appears that William E. Dodge & Son had written several letters to the defendant, without the knowledge or authority of the plaintiff, although the relations between them and the plaintiff were intimate, after the notes, as it was claimed, had passed into the ownership of the plaintiff, which letters, it was argued by the defendant, were inconsistent with the plaintiff's ownership of the notes as testified by the witnesses, and were consistent only with the theory that they were, at the time the letters were written, still the property of the payees. The jury had the right to consider all these matters, as well as the conduct and appearance of the witnesses in testifying, in weighing the testi-

mony, and had the right to reject the testimony of any witness, though uncontradicted, which did not commend itself to them as reasonable or probable in view of the whole testimony, and of their knowledge or experience of the ordinary conduct of men in similar circumstances.    Moreover, it did not appear that, up to the bringing of the suit, the plaintiff had ever been called upon to pay or had paid any portion of the indebtedness of William E. Dodge & Son to Barrett Bros. & Co., under his guaranty, or that the guaranty imposed any legal liability on the plaintiff for such indebtedness.    We cannot say that the verdict was not authorized by the evidence.

The plaintiff also moves for a new trial on the ground of newly discovered evidence, the newly discovered evidence consisting of the copy of a letter in the letter book of Barrett Bros. & Co., written by the plaintiff to the defendant November 29, 1887, notifying him that the plaintiff held the $1,106.12 note, and requesting the defendant to pay it.    The plaintiff in his affidavit says that, since the trial and since the filing of his motion for a new trial, he accidentally discovered the copy.    He does not set forth that he could not by the exercise of reasonable diligence have ascertained the existence of the copy in season to have used it on the trial, nor any excuse for not having then produced it. The cross examination of William E. Dodge and Fred. A. Dodge, on the taking of their depositions prior to the trial, was notice to the plaintiff that his title to the notes, as a *bonâ fide* purchaser for value before maturity, was disputed, and it was, therefore, incumbent on him to be prepared to sustain his claim at the trial by all the evidence in his control.    We do not think he brings himself within the rule justifying the granting of a new trial on the ground of newly discovered evidence.        *Petition dismissed.*

Subsequently the plaintiff filed a motion for a reargument of his petition.    This was heard, and the court affirmed its decision above given.