## Road District Number Eleven, in Scott County, Illinois, Appellant, v. Irwin F. Coultas, Sheriff, Appellee.

1. APPEAL AND ERROR, § 25*—*when Appellate Court has no jurisdiction.* The Appellate Court has no jurisdiction in cases where the validity of a statute is involved.

2. PLEADING, § 355*—*discretion of court as to allowing withdrawal of pleas.* It is discretionary with the trial court to allow or refuse to give a defendant leave to withdraw pleas in a cause.

3. PLEADING, § 355*—*when discretion in allowing withdrawal of pleas not abused.* The discretion of the trial court in allowing the withdrawal of the plea of general issue and two special pleas in a case was not abused where plaintiff was not injured by the order allowing such withdrawal.

4. PLEADING, § 190*—*when plea defective in form is bad as against special demurrer.* In an action of assumpsit by a road

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

THIRD DISTRICT—APRIL, 1918.        19

Road Dist. Number Eleven v. Coultas, 212 Ill. App. 18.

district, comprised within the corporate limits of a city, against the county tax collector to recover taxes collected in such district but not paid over, a plea of payment containing the informal averment that defendant had paid to the officers of plaintiff "all the revenues in his hands that should be paid to or for the use of said plaintiff" is bad as against a special demurrer.

5. PLEADING, § 190*—*how defects in form of plea may be raised.* A formal defect in a plea cannot be questioned by a general demurrer, a special demurrer assigning the special objection being necessary.

6. APPEAL AND ERROR, § 1455*—*when not reversible error to overrule general demurrer to all of pleas.* It is not reversible error to overrule a general demurrer to all the pleas interposed in a case, if a single plea presents a good defense to all the causes of action, where the case is disposed of against plaintiff on the plea that presents a good defense.

Appeal from the Circuit Court of Scott county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 19, 1918.

JAMES CALLANS, J. O. PRIEST and T. J. PRIEST, for appellant.

JOHN A. McKEENE and J. M. RIGGS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Road District Number Eleven, in Scott county, Illinois, brought suit in assumpsit against Irwin F. Coultas, who was the sheriff and tax collector of Scott county. The declaration consists of common counts, and also special counts, averring that the defendant, in the early months of 1916 and 1917, collected from the taxpayers of Road District Number Eleven, in said county, taxes regularly assessed, amounting to $5,000, that it was the duty of defendant to pay to plaintiff and which he has neglected and refused to do.

The defendant filed the general issue and two special pleas. The plaintiff joined issue on the first plea

20    APPELLATE COURTS OF ILLINOIS.

Road Dist. Number Eleven v. Coultas, 212 Ill. App. 18.

and demurred specially to the other pleas for the reason that they concluded to the country when they should have concluded with a verification. The defendant thereupon entered a motion for leave to withdraw the first plea. The court allowed the motion and the general issue was withdrawn. The defendant then entered a motion for leave to withdraw the second and third pleas. This motion was also allowed and the pleas withdrawn and leave was given the defendant to file further pleas. Thereupon the defendant filed two other special pleas. The first of these special pleas avers that the City of Winchester is a city organized under the Cities and Villages Act of 1872, and that in 1913 the county board of Scott county made an order by which it attempted to create a road district out of the territory contained within the bounds of the City of Winchester and named said district Road District Number Eleven, and that T. B. Dawson and P. D. Smith pretend to be, respectively, road commissioner and district clerk of said supposed district, which is the plaintiff. The plea then avers that the City of Winchester ever since its organization has maintained its city organization, has a mayor, city council and other officers provided for in the Cities and Villages Act, with a superintendent of streets and a committee having exclusive jurisdiction over all streets, alleys, bridges, etc., within the city, and that the city has control over the management and improvement of all streets, and that the officers of plaintiff have no control or right to interfere with the city's management thereof. It further avers that all revenues collected by defendant for road and bridge purposes within the territory within the city are the property of the city; that the officers of plaintiff are not entitled to any portion thereof and that the supposed causes of action in the several counts of the declaration mentioned are the same, to wit, the revenue collected by the defendant for repairing streets, etc., within said city.

The second further plea avers that the said causes of action in the several counts mentioned are one and the same cause of action: "to wit, the supposed public revenues collected by him as collector of said county, and he avers that heretofore he has paid to the officers of plaintiff all of the revenues in his hands that should be paid to or for the use of said plaintiff, and this he is ready to verify, wherefore, etc."

The defendant filed a general demurrer to the two further pleas. The demurrer was overruled, and leave given to plaintiff to reply. The plaintiff thereupon elected to stand by its demurrer and the court entered judgment against the plaintiff.

Counsel for appellee have in their argument presented the question of the validity of section 41 of the Tice Road Act [Callaghan's 1916 St. Supp. ¶ 10000(41)]. If the judgment in this case depended upon that question, then this court would not have jurisdiction because the Appellate Court has no jurisdiction in cases where the validity of a statute is involved, but no assignment of error raises the question of the validity of the statute, and the decision of that question is not necessary for the disposal of the case.

The appellant assigns for error that the court erred in granting leave to appellee to withdraw its pleas first filed, and in granting leave to plead further, and argues that those pleas were bad on demurrer. It is discretionary with the court to allow or refuse to give a defendant leave to withdraw pleas in a cause. *New England Fire & Marine Ins. Co. v. Wetmore*, 32 Ill. 221; *Miles v. Danforth*, 37 Ill. 156; *Leonard v. Patton*, 106 Ill. 99. The appellant is in no different situation than it would have been in if its demurrer had been sustained and leave given to plead over. Appellant was not injured by the order granting leave to appellee to withdraw the pleas first filed.

The second further plea is a plea of payment to the plaintiff. It is somewhat informal in the averment

Road Dist. Number Eleven v. Coultas, 212 Ill. App. 18.

that appellee had paid to the officers of appellant "all the money in his hands that should be paid to or for the use of said plaintiff." The plea would be bad against a special demurrer, because of the inference that appellee exercised his judgment on what should be paid to appellant. That question, however, cannot be raised by a general demurrer, as matters of form can only be reached by a special demurrer assigning the special objection. 6 Encyc. of Pl. & Pr. 307; *Wilkinson v. Cosmopolitan Life Ins. Ass'n,* 154 Ill. App. 195.

If a single plea presents a good defense to all the causes of action in suit, then it is not reversible error to overrule a general demurrer to all the pleas (*Stacy v. Baker,* 2 Ill. 417; *Patmor v. Haggard,* 78 Ill. 607; 6 Encyc. of Pl. & Pr. 305), where the case is disposed of against the plaintiff on a plea that presents a good defense, for the reason that no injury results from erroneously overruling a demurrer to a bad plea when the judgment is rendered on a good plea, hence it is not necessary to pass upon the ruling of the trial court in sustaining the demurrer to the first of the further special pleas.

There is no reversible error presented for review. The judgment is affirmed.

*Affirmed.*