THE CHICAGO AND GREAT EASTERN RAILWAY COMPANY
*v.*
JOHN S. VOSBURGH.

1. CONTRACT — *compensation* — *parol evidence.*   Where a contract is made for doing work, in which the compensation is fixed, parol evidence cannot be admitted to show the work was of less value.   The compensation, being a part of the agreement, cannot be altered or varied.

2. If other work is done than that embraced in or provided for by the agreement, and of a character, the value of which cannot be fixed by the price agreed to be paid by the contract, then it is competent to show what the extra work was worth.

3. SAME — *construction.* Where a builder undertakes to construct a building according to a plan, which is afterward changed by agreement of the parties, so as to require more materials and labor than was specified, and no agreement was made in reference to the price of extra work, it would be inferred, that the price agreed in the original contract would govern in determining the compensation.

4. If the plan under which work was to be done by contract was so changed as to embrace some other description of work not contemplated by the original contract, then the contractor would be entitled to recover according to the reasonable worth of such extra work.

5. Where a contract for building an embankment was silent as to where the contractor was to get the earth, and the parties themselves gave a construction of it, they will be bound by it.

6. NEW TRIALS — *juries.* It is the province of the jury to weigh and consider all the evidence, and to give it, and each part of it, such weight as they may deem it entitled to receive.

7. The court will not disturb the verdict of a jury where there is a conflict of evidence, and the verdict is not manifestly against the evidence.

8. SAME — *surprise.* In applications for new trials on the ground of surprise, it is not only necessary that the party was surprised, but that it was in a material matter, and that it produced injury; and that it was not the consequence of neglect or inattention on the part of the party surprised; also, that he used all reasonable efforts to overcome the evidence which worked the surprise; or that it was not within his power to have done so by the employment of reasonable diligence.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of assumpsit, brought by John S. Vosburgh, against the Chicago and Great Eastern Railway company, in the Superior Court of Chicago, to recover for work and labor done, and materials furnished, in the construction of an embankment.

The cause was tried before the court and jury, and a verdict found for the plaintiff, and his damages were assessed at $5,639.42. A motion for a new trial was overruled, and judg-

ment rendered upon the verdict. The defendants appealed to this court.

The facts are sufficiently stated in the opinion.

Mr. E. Walker, and Messrs. Jones & Gardner, for the appellants.

Messrs. Garrison & Blanchard, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the Superior Court of Chicago, against appellants, to recover for work and labor done and materials furnished. The plea of the general issue was filed, and a trial had before the court and a jury, resulting in a verdict for appellee of $5,639.42. A motion for a new trial was entered, which the court overruled, and rendered a judgment on the verdict, and to reverse it the case is brought to this court by appeal. The errors assigned are in sustaining the objection made by plaintiff to the evidence offered by defendants, and in excluding testimony sought to be introduced by him; that the verdict is against the law and the evidence, and that a new trial should have been granted by reason of surprise to defendants below on the trial.

On the trial below, appellant asked a witness, "what was the fair value of the work which Mr. Hudson proposed to have you do." It is insisted that this witness had, before appellee made the contract, examined the work with a view of himself contracting for its performance, and was, therefore, supposed to be acquainted with the value of 'the labor necessary to its performance. But this evidence was not proper, even if it referred to the same, as appellee did the work under a special contract, and the damages must be measured by that agreement. Appellants had no right to prove to the jury that the work embraced in the contract was worth less than they agreed to pay for its performance. This question was not directed to what was claimed to have been work done outside of the contract, and under a new agreement. Nor did this question identify the particular work. It does not appear that

the question referred to the labor performed by appellee. For aught that appears from the question, it may have been some other and entirely different from that performed by him. This question was, therefore, improper, and no error was committed in rejecting it.

Appellants then offered to read a description of the work, as specified in the contract, to this witness, and then to ask him whether he was applied to by the company to perform the same work, and if so, what it was worth at the time of making the agreement. While this would have identified the work as the same, still it would have been liable to the objection that it proposed to fix a different mode for ascertaining the value of the labor from that specified and agreed upon by the parties in their written contract. The question had no reference to what was claimed to have been done outside of the agreement. So far as labor was performed under the agreement, it and it alone must control in fixing the compensation agreed to be paid. This is a rule that has uniformly governed. It enters into and forms a part of the agreement as fully as any other portion of the contract, and cannot be altered or varied.

So far as other work was done not embraced in or provided for by the agreement, and of a character the value of which could not be fixed by the price agreed to be paid by the contract, then a different rule would prevail, and the person performing it would recover according to its value. But where the extra labor performed is of the same character as other portions agreed for, and the price specified, it will be inferred that the additional work is to be paid for at the same rate. But labor of a different character could not have been intended to be goverened by rates fixed for other kinds of labor. If a builder were to undertake to construct a building, and the plan were, by consent of the parties, changed so as to require the use of more materials and labor than was specified, and no agreement was made in reference to the price of extra work, it would be inferred that the price fixed for furnishing the materials and labor by the contract was intended to govern.

If, however, the plan were so far changed as to embrace

some other description of work not contemplated by the original contract, then the builder would be entitled to recover according to its reasonable worth.

If, in this case, permission was given to appellee to take earth from a particular place, and he contracted with a view to that permission, he had a right to insist upon taking it from that place. And if the company were to furnish the earth (and it seems they so understood the agreement, as they procured it, in part at least, from the officer having charge of the canal), then they have no right to insist that appellee should have furnished it under the agreement. It is true, the contract is silent as to which party was to furnish the earth, but the parties themselves gave a construction to the agreement, and they should be bound by it. And, when the agent of the company directed appellee, when he first entered upon the performance of the agreement, where to obtain the earth for the work, and he commenced at that place, it must be understood that they gave the construction to the agreement that the necessary earth was to be taken from that place, unless from any thing then said it can be inferred that such was not the understanding. And, so far as we can see from this record, no other place was at that time spoken of where any portion of the earth was to be procured. If, then, such was the understanding, appellee had the right to insist that the earth should come from that place to complete the contract for the embankment. And if he was required to take it from a more distant place, he had the right to refuse, unless he should be compensated for the additional labor and expense which such a change would involve.

Such a change was not a part of the original agreement. It was outside of it, as construed by the parties themselves, and formed the proper subject of a new agreement. It was a change of the mode of executing the contract which was not strictly extra work, but was other and additional work. If this agreement required the company to furnish the ground from which the earth necessary to make the embankment was to be taken, and they gave it that construction, they were

bound to furnish it within a reasonably convenient distance. They had no right to require him to go miles away for the earth, or any other unreasonable distance. And when they insisted upon his doing so, he had the right to insist upon additional compensation, notwithstanding the written agreement declared that he should not charge for extra labor.

The clause in the contract which prohibits such a claim, declares that the contract was to cover the entire work necessary to be done, except some bridges which are specified. Under this clause, appellee could not charge for culverts, cattle guards or other parts of the work necessary to complete his contract. They were embraced within its terms. He could not say that any portion of the work was better in construction or in materials than was contemplated by the agreement, or that he had constructed any part that could or might have been omitted, and was, therefore, entitled to extra compensation. From doing this, he was prohibited by the agreement. Nor could appellants require him to perform unnecessary or unreasonable labor in the construction of the embankment; and if the change in the place for getting the earth was unreasonable, and involved additional cost, appellee had the right to receive additional compensation beyond that fixed by the agreement, equal to the increase of expense.

We now come to the consideration of the question, whether the evidence sustains the finding of the jury. While it depends upon an estimate of amounts and values, yet the evidence is contradictory and conflicting as to those amounts and values. If the evidence of either party is alone considered, there will be found to exist a large difference in the result. That of appellee when so considered will be found to warrant the jury in fixing the amount of damages found by them, and if appellants' evidence was regarded, and appellee's excluded, the conclusions arrived at by appellants' counsel would seem to follow. But it was the province of the jury to weigh and consider all of the evidence, and to give it and each part of it, such weight as they believed it entitled to receive. And, in such a conflict, it is not the duty of the appellate court to disturb their finding.

And, while we should have been better satisfied had the amount been smaller, and might not have been disposed to disturb the verdict even if it had been in favor of appellants, still we cannot say in this conflict of evidence, that the verdict is unsustained by proof, or that it is so manifestly against the weight of evidence that it should be set aside.

As to the surprise on appellants at the trial below, we can not discover that it is established by the affidavits, or, if so, that it is of that character that requires the granting a new trial. The counter affidavit shows that a larger amount than the sum agreed upon in the contract had been claimed and demanded of the attorney of appellants. This certainly apprised them of the fact that additional labor was claimed; and they knew that a change had been made from a nearer to a more remote place of getting earth. It was, therefore, not a matter of much difficulty to see that the additional sum must have been for the additional expense in procuring the earth. Again, the affidavit does not disclose the fact, if it existed, that Hudson was the only witness by whom the condition of the work could be shown when the change occurred, or that there were not other engineers in their employment at the time, as capable of making the estimates as he was; or that his attendance could not have been procured by the use of the telegraph and railway travel even after the trial disclosed the ground relied upon for a recovery; as it seems the trial lasted three days. In applications for new trials on such ground, it is not only necessary that the party should have been surprised, but that it was in a matter material to the issue, and that it produced injury to the party; that it was not the consequence of neglect or inattention on the part of the party surprised; also that he used all reasonable efforts to overcome the evidence which worked the surprise, or that it was not within his power to have done so by the employment of reasonable diligence. We think this affidavit fails to show all of these were complied with by appellants.

The judgment of the court below must be affirmed.

*Judgment affirmed.*