THE CITY OF CHICAGO

*v.*

JOSEPH J. DUFFY.

*Opinion filed October 24, 1905—Rehearing denied Dec. 12, 1905.*

1. PLEADING—*recovery on executed contract may be had under common counts.* A recovery on an executed contract for a public improvement, which has been completed and accepted and is in use by the city, may be had under the common counts even though the special counts are insufficient, where nothing remains to be done except for the city to pay the amount due the plaintiff.

2. CONTRACTS—*when city should bear expense of back masonry in tunnel.* The expense of back masonry in a tunnel should be borne by the city, and not by the contractor, where the necessity for its erection was caused by the negligence of the engineers of the city in running the line of the tunnel, the construction of which, under the terms of the contract, was to be under the direction of the city engineer.

3. SAME—*when penalty for delay cannot be enforced by city.* A per diem penalty for delay in constructing a tunnel cannot be enforced by a city against the contractor where the delay was caused by suspending work during litigation concerning the proper construction of the contract, which was finally determined in favor of the contractor and against the city.

4. ACTIONS AND DEFENSES—*when pendency of another suit is not a bar.* An action by a contractor to recover from a city the balance due under a contract for a public improvement, completed and in use by the city, is not barred by the mere pendency of a chancery suit by a tax-payer to enjoin the city from making any further payments under the contract, where the pendency of such suit is not pleaded, no injunction in the chancery suit was issued and no cross-bill filed therein by the contractor.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHAS. A. BISHOP, Judge, presiding.

THOMAS J. SUTHERLAND, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellant.

SEARS, MEAGHER & WHITNEY, and WINSTON, PAYNE & STRAWN, (N. C. SEARS, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit brought by Joseph J. Duffy, against the city of Chicago, in the circuit court of Cook county, to recover a balance claimed to be due him from the city upon a written contract bearing date September 30, 1895, whereby he agreed to build section 2 of a water tunnel proposed to be constructed by the city. The declaration contained four special and the common counts, and the general issue was filed. A jury was waived and there was a trial before the court, which resulted in a finding and judgment in favor of the plaintiff for $301,376.08. The city prosecuted an appeal to the Appellate Court for the First District, where the judgment of the circuit court was reversed and an original judgment was rendered in that court in favor of the plaintiff for $137,585.28, and the city has prosecuted a further appeal to this court.

The first contention made by the city is, that there can be no recovery under the declaration. The improvement was completed, had been accepted and was in use by the city at the time suit was commenced. There remained, therefore, at that time, nothing for the city to do except to pay the plaintiff the amount due him. The contract was substantially executed, and even though it were admitted the special counts were insufficient, a recovery was properly permitted under the common counts. *Union Elevated Railroad Co.* v. *Nixon,* 199 Ill. 235.

It is next contended that a chancery suit commenced by one Ives against the city of Chicago, certain of its officers and the plaintiff, to enjoin the city from making any further payments to the plaintiff under the contract here sued on, upon the ground that the city, under the contract, had a claim against the plaintiff for damages in excess of his claim against the city by reason of his failure to complete the tun-

nel within the time fixed by the contract, was.a bar to this action. The chancery suit was not pleaded in this action, but the question was raised by motion after the general issue was filed. No injunction was issued and Joseph J. Duffy did not file a cross-bill. In the Ives suit Joseph J. Duffy could not have recovered from the city the amount of his claim. We are of the opinion the court did not err in declining to dismiss this suit on the ground the Ives suit was pending and undetermined. To hold otherwise would be to hold that a tax-payer could prevent the collection of a just claim at any time against a city simply by filing a bill against the city and its creditor to enjoin the payment of the claim. Had an injunction been issued and the Ives suit been properly pleaded a different question would be presented for decision.

It is next contended that the Appellate Court erred in holding that the plaintiff was entitled to recover, at the rate of $10 per cubic yard, for 8371.08 cubic yards of back masonry made necessary by the engineers of the defendant giving improper and erroneous instructions to the servants of the plaintiff while such servants were, under their direction, blasting out said tunnel. The contract provided the work should be carried on under the direction of the city engineer. His subordinates, as the work progressed, directed the servants of plaintiff as to the line upon which the tunnel should be blasted out. When the tunnel was ready for the brick work it was discovered it did not run in a straight line. In bringing the tunnel to a proper line it had to be enlarged, which made necessary said back masonry. The Appellate Court incorporated in its judgment a finding of fact that said extra back masonry was made necessary by reason of the negligence of the defendant's engineers. We think the cost of said extra back masonry should be borne by the city. *Chicago and Great Eastern Railway Co.* v. *Vosburgh*, 45 Ill. 311; *Sexton* v. *City of Chicago*, 107 id. 323.

It is also contended that the trial and Appellate Courts erred in declining to allow the defendant $200 per day as

liquidated damages, under the terms of the contract, for delay in completing the tunnel. After the work had progressed for some months a dispute arose between the city and the plaintiff as to the right of plaintiff to receive $10 per cubic yard for rock excavated in the construction of the tunnel in addition to the price per lineal foot fixed by the contract. Litigation ensued, which, upon the appeal of the city, was finally determined in favor of Duffy by this court. (*City of Chicago* v. *Duffy,* 179 Ill. 447.) Pending the litigation, work upon the tunnel ceased. The plaintiff's contention as to the construction of the contract was sustained by the courts, and we think during the time the city refused to pay the plaintiff for excavating the tunnel according to the terms of the contract it could not require him to proceed with the work or subject him to a penalty of $200 per day for delay. So soon as the meaning of the contract was determined by this court the plaintiff proceeded with the work and completed the tunnel, which was accepted by the city.

It is also contended that the tunnel was not properly constructed, as it is said only two rings of brick were used where the specifications provided for three; and it is also urged the plaintiff charged the city with more material than he used in the construction of the tunnel,—that is, lumber permanently left in the tunnel. The Appellate Court overruled both of these contentions, the first on the ground that the change was made with the engineer's consent, and the second on the ground that it found no support in the evidence. We agree with the conclusion reached by the Appellate Court with reference to both contentions.

The briefs filed in this court cover six hundred and ninety-one printed pages, those of the appellant alone covering five hundred and twenty-four pages. The original brief. filed upon behalf of the city discusses questions of fact settled by the judgment of the Appellate Court adversely to the appellant; also questions decided by that court in its favor which are not here called in question. Its original brief in

those particulars violates the·rules of this court. We have, however, read all that has been printed and placed on file with the clerk, and have reached the conclusion that the judgment·of the Appellate Court works out substantial justice between the parties and that the record is free from reversible error.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*