### Alexander Bauer v. Henry F. Jerolman, et al.

#### Gen. No. 12,043.

1.  COMMON COUNTS—*when recovery may be had under.*  Recov-
ery may be had under the common counts for a sum of money due

upon a building contract where substantial performance of such contract has been established.

2. Recoupment—*may be shown under general issue.* Where an action is brought to recover money due under a building contract and the common counts are filed, recoupment of damages for non-compliance or breach of warranty may be shown under the plea of the general issue.

3. Interest—*may be recovered upon written contract.* Interest may be recovered upon a balance due pursuant to a written contract from the date when such balance became due and payable.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. Charles M. Walker, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed on *remittitur.* Opinion filed January 12, 1906. *Remittitur* filed and judgment affirmed January 18, 1906.

Alden, Latham & Young, for appellant.

Sullivan & Jarrett, for appellees.

Mr. Justice Baker delivered the opinion of the court.

This is an appeal by the defendant from a judgment recovered against him by appellees for $1,909.39 upon a building contract.

The suit was brought September 21, 1896. John Hindley was appointed receiver of the plaintiffs September 26, 1896. December 14, 1903, the following order was made in the cause:

"Henry F. Jeroloman et al.,
          vs.                         Assumpsit.
A. Bauer and Company et al.

This cause coming on to be heard come the plaintiffs and suggested to the Court the appointment of John Hindley as receiver of the plaintiffs herein, and the Court being fully advised in the premises. It is ordered that the said declaration and all the papers herein be so amended as to read John Hindley, Receiver of Henry F. Jeroloman, G. S. Wheeler, C. J. Corse and Charles Ratzel, co-partners doing business as Granitoid Construction Company. And it is further ordered that all pleas of defendants now on file stand to the said declaration as amended, and that any and all other pleadings now on file stand and that leave be and is hereby given the defendants to file additional pleas to the said declaration as amended in ten days."

This order does not in terms substitute the receiver as, plaintiff in place of the original plaintiffs; it does not strike out of the declaration the names of the original plaintiffs. It orders that: "the declaration be so amended as to read John Hindley, receiver, etc.," but whether as plaintiff or as usee of the original plaintiffs is not stated. No amendment in writing to the declaration was filed.

In the judgment order the cause is entitled,
"Henry F. Jeroloman, G. S. Wheeler,
C. J. Corse and Charles Ratzel,
Partners, etc.,

vs.

Alex. Bauer,"
and in the body of the judgment the words are, "that the plaintiffs do have and recover  *  .  *    *  .  their said damages   *   *   *   with their costs." We think that upon this record the judgment must be held to be the judgment of the original plaintiffs, and not the judgment of Hindley receiver, against the defendant.

Appellees in 1896 were co-partners under the name of the Granitoid Construction Company. June 3, 1896, they delivered to appellant the following proposition in writing:

"A. Bauer & Co.,
   No. 158 E. Huron St.,
Gentlemen:—

We hereby propose to furnish all material and do all labor in the construction of concrete work at your building, S. E. Cor. of Huron & N. Franklin Sts., as per the following specification for the total sum of twenty-three hundred and sixty-nine (the words 'sixty-nine' in the exhibit have pen line drawn through them and above is written 'forty' through which also line is drawn) dollars ($2,369.00) (above the figures '2,369.00' is written '2,340.00' through which a line has been drawn and in lead pencil below appear the figures '2,197.00').

We propose to furnish and set 9 pieces. 3x4' each of prismatic cement vault lights and 4 steel trap doors with frames 4' 8"x5' 8" each, these doors to be of the very best

quality. One 24″ star solid coal hole, cover and thimble. Two pieces of 4″x4″ quarter inch steel channel bar curb radius for alley and street corner. All necessary steel I-beams, 10″ beams 25 lbs., for Huron St., and intersection sidewalk, and 8″ steel I-beams 18 lbs. for Franklin St. walk. The steel beams to extend from curb wall to building wall, supported between piers by same size and quality of beams. The steel I-beams for each walk to be set 4½′ apart. (The concrete work to cover the entire basement and area, and entire sidewalk space from east line of building on Huron St., around to south line of building on Franklin St., and to run from wall of building out and down to form concrete curb at street line.

The concrete to be composed of clean, sharp torpedo sand, best imported German Portland Cement and clean, crushed limestone. The basement work to be 4″ in thickness, laid in timber forms, well tamped and puddled, and to be in all a strictly first class floor pitched to drain as directed.) The concrete for sidewalk to be built in arch shape between steel I-beams as heretofore specified, and to be 14″ and 12″ thick at edges of I-beams and 7″ thick at crown of arch, to have proper pitch constructed in first-class manner, and in accord with city ordinance. At the intersections of Franklin and Huron Sts., and at return of sidewalk at alley on Franklin St., the curb to be protected by a steel channel radius as before mentioned well anchored by 10″ bolts, the heads of which to be countersunk.

The job to be strictly first-class in all particulars. Guaranteed not to crack, scale or break for a period of ten years, and completed in all details to your entire satisfaction.

Respectfully submitted,<br>GRANITOID CONSTRUCTION Co.,<br>By G. S. WHEELER.”

June 12th they delivered to him the following written modification of said proposition:

“Alex. Bauer, Esq.,
     No. 158 E. Huron St.,
Dear Sir:—
Relative to the construction in the mixture of concrete for sidewalk work around your new building, S. E. Cor. of

Franklin and Huron Streets, we desire to say that in all cases the concrete will extend 4″ above the top of I-beams, and the mixture of the same will be one part of best imported German Portland Cement, three parts of clean, sharp beach torpedo sand, and four parts of clean crushed, hard stone, mixed thoroughly dry, then enough water added to make a proper consistency of concrete.   The top dressing of same will be composed of sharp beach torpedo sand or crushed granite in the proportion of one part above named cement to 1½ parts of granite or sand.

All work to be in accord with present plan with the exception, as before stated, that the beams will be set 4½ ft. centers,. and that we will use 8″ beams on Franklin Street sidewalk instead of 7″.                              .

Respectfully submitted,<br>
GRANITOID CONSTRUCTION CO.,<br>
By G. S. WHEELER."

Appellant testified at the trial that he had since March, 1896, been the owner of the premises upon which the building in question was erected; that the building was built by him; that the corporation of A. Bauer & Co. had nothing to do with it; that when the letter of June 12th was handed to him by appellee Wheeler, appellant told him to go ahead with the work.

When appellant accepted the papers as a contract he became bound by their terms and conditions as completely as if he had in form signed the papers.   The two papers constitute, in our opinion, under the evidence, a contract in writing, although the first was addressed to A. Bauer & Co. Plumb v. Campbell, 129 Ill., 105; Ames v. Moir, 130 id., 582; Memory v. Niepert, 131 id., 623.

The declaration contains only the common counts and appellant contends that the contract was not substantially performed and that therefore there could be no recovery under the declaration.

The floor and sidewalks mentioned in contract were laid, were accepted by the defendant and were in use by him when the suit was brought.   We think the evidence showed such '

a substantial performance of the contract as entitled the plaintiffs to recover under the common counts. City of Chicago v. Duffy, 218 Ill., 242. But the defendant was entitled to recoup, under the general issue, any damages he sustained by reason of the non-compliance by the plaintiffs with any of the provisions of the contract, or by reason of the breach of the warranty therein contained.

The suit was originally brought against the appellant and A. Bauer & Co., a corporation. February 24, 1904, after the plaintiffs' evidence had been heard plaintiffs dismissed against the defendant corporation. The defendant Bauer then moved for leave to file a further plea averring that the suit was not brought until more than five years after the cause of action accrued, and the court denied his motion. In this there was no error. The contract sued on was, as we have said, a written contract and suit might be brought on it at any time within ten years.

Appellant contends that eighteen of the rulings of the court upon questions of evidence were erroneous. We cannot consider in detail each ruling so charged to be erroneous. Some of such rulings are not, we think, strictly correct but in none of them do we find reversible error.

The court instructed the jury that the plaintiffs were entitled to recover interest on the amount the jury should find due to the plaintiffs, at five per cent from the time it became due, and the giving of this instruction is assigned for error.

In Downey v. O'Donnell, 92 Ill., 559, which was a petition for a mechanic's lien under a written building contract, it was said (p. 563): "Sec. 2, Chap. 74 R. S. provides that creditors shall be allowed to receive interest at the rate of six per cent per annum for all moneys after they become due on any bond, bill, promissory note or other instrument in writing. The contract in this respect may be regarded as an instrument of writing, within the meaning of the statute, and we perceive no reason why it was not proper to allow interest."

In Keeler v. Herr, 157 Ill., 57, which was a suit at law

to recover a balance on a written contract to construct a dock, the court, speaking of the plaintiff's right, said: "If they were entitled to that price under the contract, the statute gave them the right to interest from the time the money became due, by the terms of the written agreement." This language is quoted with approval in McDonald v. Patterson, 186 Ill., 381–386, 'where a decree which included interest on a written building contract was affirmed. We think the instruction is in accordance with the rule established by the Supreme Court.

Other rulings of the court in giving, modifying and refusing instructions are complained of, but we find no reversible error in the rulings of the court upon instructions.

That the concrete for the sidewalk on Franklin street, which was nearly one-half of the sidewalk portion of the contract, was $4\frac{1}{2}$ or 5 inches thick at the crown of the arch in place of 7 inches as the contract provided, and was correspondingly thinner than the contract called for at the I-beams, is not disputed. The only excuse offered by the plaintiffs, if it can be called an excuse, is found in the testimony of the plaintiff Corse, that he superintended the work and never saw the written contract until long after the work was done.

. The contract provided that the concrete should "be composed of clean, sharp torpedo sand, best imported German Portland Cement and clean crushed limestone." The proportions of cement, crushed stone and sand to be used in the sidewalk were specified in the contract, but there was no such specification as to the cement floor of the basement. That floor, the contract provided, should be 4 inches thick, laid in timber frames, well tamped and puddled and to be in all respects a first-class job. The following provision of the contract applies to both the floor and the sidewalk: "The job to be strictly first-class in all particulars. Guaranteed not to crack, scale or break for a period of ten years."

The evidence, we think, shows that the basement floor was not a first-class job; that it began to crack and break soon after it was laid; that there were in it many cracks and

158　　Appellate Courts of Illinois.

Vol. 124.]　Mich. Cent. R. R. Co. v. Chicago E. V. Co.

holes; that the sand and stone in the floor were not firmly bound and held together in a solid mass as required to make a cement floor a first-class job, but on the contrary were so loosely held together that in places the pieces of stone which in a first-class job would be part of a solid mass could be taken out with the hands without tools. The Franklin street sidewalk, as we have said, was from 2 to 2½ inches less in thickness than the contract called for and the cement in places did not rest firmly against the flanges of the I-beams as it should.

The damages which the defendant was entitled to recoup by reason of the use of improper materials and defective work by the plaintiffs and of the breach on their part of the warranty which was contained in and a part of the contract sued on, cannot, in the nature of things, be definitely ascertained, but the right of the defendant to recoup an amount greatly in excess of the small amount allowed him by the jury is, we think, clearly established by the evidence. Our conclusion upon a careful review of the evidence is, that the defendant is entitled to a further deduction from the contract price of $500 by reason of the plaintiffs' failure fully to comply with the contract, and their breach of warranty.

If within ten days the plaintiffs and appellees shall remit from the judgment the sum of $500, the judgment of the Circuit Court will be affirmed, otherwise it will be reversed and the cause remanded.

*Affirmed upon remittitur.*

January 18, 1906, *remittitur* filed and judgment affirmed.