### B. C. Sprague, Appellant, v. Lucy J. Barnett, Appellee.

1. PLEADING—*when action of court in overruling demurrer harmless error.* Even though a demurrer to a special plea be improperly overruled the error is harmless if no evidence was admitted in support of such plea and no issue thereof submitted to the jury.

2. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where not clearly and manifestly against its weight.

Trover. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

JOHN FULLER, L. E. STONE and E. B. MITCHELL, for appellant.

E. J. SWEENEY and HERRICK & HERRICK, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

On April 30, 1904, W. A. Barnett, the husband of the appellee, Lucy J. Barnett, executed and delivered to appellant a chattel mortgage upon certain property described as follows: "All tools and machinery, including all boilers and engine; all office desks and furniture, including the safe used in and about the shop of W. A. Barnett in Clinton, Illinois, situated on Lot 2 in Block 4 in the original town, now city of Clinton, Illinois," which said chattel mortgage was given to secure the payment of one certain promissory note for the sum of $1,500, payable April 30, 1906, executed by said

W. A. Barnett and the appellee, Lucy J. Barnett. The parties were then all residents of the city of Clinton, Illinois, where W. A. Barnett conducted a general machine shop and constructed iron bridges on the premises described in the chattel mortgage. W. A. Barnett died intestate October 16, 1904, and appellee was duly appointed and qualified as administratrix of his estate. During November and December, 1904, and for several months following in 1905, the machine shop was kept in operation as far as possible and from time to time during that period appellee sold to various parties all of the property covered by the chattel mortgage except a few articles of office furniture of little value. On October 29, 1909, appellant instituted this suit in trover against appellee to recover the value of the mortgaged property so alleged to have been wrongfully converted by appellee. A trial by jury in the circuit court of DeWitt county resulted in a verdict in favor of appellee and judgment against appellant for costs.

Complaint is made of the action of the court in overruling appellant's demurrer to the third special plea filed by appellee, but in view of the fact that no evidence was admitted in support of such plea, and the issue made by said plea was not submitted to the jury, no harm resulted to appellant by the action of the court in that particular.

The main issue of fact submitted to the jury upon the trial was whether or not the property in question had been sold by appellee with the knowledge and consent of appellant, and upon this issue we are of opinion that the verdict of the jury is abundantly supported by the evidence. This suit was not instituted by appellant until more than four years had elapsed, as he testifies, after he ascertained that the property in question had been sold. True, the action was not then barred by lapse of time, but in view of the fact that appellant was surety on the bond of appellee, as administratrix, it is almost incredible that he would have delayed proceedings so long, if he expected, in good faith, to assert a right to the property. The rulings of the court in excluding evidence which was properly applicable to this phase of the case

were much more favorable to appellant than was warranted.

The record is not wholly free from error, but as such error was not prejudicial to appellant upon the merits of the case the judgment will be affirmed.

*Affirmed.*