## The Whitaker Paper Company, Plaintiff in Error, v. Galesburg Mail Company, Defendant in Error.

### Gen. No. 7,526.

1. APPEAL AND ERROR—*overruling demurrer to plea immaterial.* Overruling of demurrer to plea of set-off was immaterial where plaintiff filed only the common counts and there was also a plea of general issue under which defendant could show his set-off, there being a small judgment in favor of the plaintiff.

2. PLEADING—*recoupment of damages under general issue.* Where declaration consists of the common counts, the defendant under a general issue may recoup damages for failure of plaintiff to comply with the contract.

3. PLEADING—*plea of payment and burden of proof.* In action on the common counts, plea of payment placed burden on defendant of proving that amounts due under contract had been paid in whole or in part.

4. PLEADING—*no judgment for defendant on plea of payment.* Under plea of payment no judgment could be rendered against the plaintiff for any amount except for costs.

Error by plaintiff to the Circuit Court of Knox county; the Hon. WILLIS F. GRAHAM, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed November 25, 1925.

LEO P. BAIRD, for plaintiff in error.

MARSH, RICE, LEWIS & THOMPSON, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Plaintiff in error, The Whitaker Paper Company, a corporation, began an action of assumpsit in the circuit court of Knox county against defendant in error, Galesburg Mail Company, a corporation, to recover $3,854.79, alleged to be due for roll news-print paper. A jury was waived, upon a trial before the court, judgment was rendered against defendant in error for $140.75, and a writ of error was prosecuted from this court.

On December 9, 1919, the parties entered into a written contract, which provided that plaintiff in error was to sell and defendant in error was to buy 225 tons of roll news-print paper required to print the Evening Mail from January 1, 1920, to December 31, 1920, to be delivered in equal monthly instalments of about 18½ tons, not cumulative, shipments to be made in carload lots. The contract, certain trade customs attached thereto and made a part thereof, together with a letter sent by plaintiff in error to defendant in error, made up the agreement between the parties.

The contract specified the kind and quality of the paper to be furnished. The price effective for the first six months was to apply on all shipments from January 1 to June 30, 1920. The price for the last six months was to be adjusted before June 30, 1920. The price was $5.50 per 100 pounds, actual weight, f. o. b. cars at mill. The paper was to be the product of J. R. Booth, but the seller reserved the right to furnish another standard grade of news-print. The terms were net cash thirty days from date of invoice. If the purchaser failed to pay any amount when due, or failed to make settlement as provided, the seller was, at its option, to cancel the contract, refuse to furnish any more paper and declare the obligation of the purchaser for all paper furnished due forthwith, but the purchaser was to remain liable to the seller for all loss and damage sustained by such failure.

Plaintiff in error claims that default was made by

defendant in error under the terms of the contract and suit was begun. The declaration consisted of the common counts with an affidavit of merit attached thereto, and later a bill of particulars was filed. The defendant in error filed the general issue, a plea of payment, and a plea of set-off, together with an affidavit of merits. Plaintiff in error filed replications to the general issue and to the plea of payment. On December 14, 1922, defendant in error filed its amended plea of set-off and also amended the affidavit. The amended plea set out the contract, the letter and trade customs attached thereto, and alleged that in and by the contract it was agreed that plaintiff in error should furnish 225 tons, or 450,000 pounds of paper; that the plaintiff in error delivered only 347,131 pounds; that by reason of plaintiff in error's failure to deliver the quantity of paper as provided in the contract, defendant in error was compelled to purchase in the market 102,869 pounds at its fair market value of $7 per 100 pounds at a loss of $4,290.40, which sum was due from the plaintiff in error to the defendant in error and exceeded the demand of the plaintiff in error. Attached to the plea was an affidavit of merits which stated the facts substantially as set out in the plea. The plaintiff in error filed its motion to strike this affidavit from the files, and filed a general and special demurrer to the plea as amended. The motion to strike was denied, and the demurrer was overruled.

On April 6, 1923, defendant in error filed an additional affidavit of merits, which made the first affidavit a part of the second, and in addition thereto specified the months in which deliveries were made, and the months in which defendant in error was compelled to go on the open market and buy paper at a higher price than that specified in the contract. The plaintiff in error moved to strike this additional affidavit from the files, which motion was overruled

The only error urged is that the court improperly

overruled plaintiff in error's demurrer to the amended plea of set-off. In support of this error it is insisted that the plea is defective because it does not allege that defendant in error ordered paper; does not allege that defendant in error furnished specifications for shipment in accordance with the contract; and does not allege performance, or its equivalent, on the part of defendant in error.

Even conceding that the amended plea of set-off was defective and that the court should have sustained the demurrer thereto, the plaintiff in error was not injured by the fact that the demurrer was improperly overruled. Plaintiff in error filed only the common counts. The general issue went to the whole of the declaration, and under it, if the evidence justified it, defendant in error could defeat the whole, or any part, of the claim of plaintiff in error. Where the declaration consists of the common counts, the defendant under the general issue may recoup damages for the failure of plaintiff to comply with the contract. *Tully v. Excelsior Iron Works,* 115 Ill. 544; *Forbis v. Reeves & Co.,* 109 Ill. App. 98; *Bauer v. Jerolman,* 124 Ill. App. 151; *Miers v. Fuller Co.,* 167 Ill. App. 49. If defendant in error, under the general issue, defeated all of plaintiff in error's cause of action, no judgment could be rendered against plaintiff in error, under the general issue, except a judgment for costs. The two special pleas were based on the contract. The plea of payment placed the burden on defendant in error of proving that the amounts due under the contract had been paid by the defendant in error, in whole or in part, but in no event under this plea could judgment be rendered against the plaintiff in error for any amount except for costs. Under the plea of set-off, defendant in error, if the evidence justified it, could defeat all, or any part, of plaintiff in error's cause of action, and, in addition thereto, defendant in error could recover a judgment against plaintiff in error for such damages, if any, as the evidence

might show the defendant in error was entitled. Under the general issue and the plea of set-off the same evidence was admissible, the only difference between the two pleas being that, under the general issue, no judgment could be rendered against plaintiff in error, except for costs, while under the plea of set-off defendant in error could not only defeat all or any part of the cause of action of plaintiff in error which the evidence justified, but defendant in error could, if the evidence justified, recover a judgment against plaintiff in error for any damages, if any, which the evidence showed defendant in error might have sustained by reason of any breach of the contract. The case was not tried upon the plea of set-off, but was tried upon the general issue and the plea of payment, therefor the question of set-off was not involved in the case. No judgment was rendered against the plaintiff in error, but the judgment was in favor of the plaintiff in error. No error is assigned on any act of the court, except the ruling on the demurrer, therefore we must presume that the amount of the judgment was sustained by the evidence. If the same evidence was admissible under the general issue that was admissible under the plea of set-off, and there is no complaint as to the amount of the verdict, then no injury was done plaintiff in error which would justify a reversal of the judgment, even though the court erroneously overruled the demurrer to the plea of set-off. *Sprague v. Barnett,* 162 Ill. App. 48; *Road District v. Coultas,* 212 Ill. App. 18. If a judgment other than for costs had been rendered against plaintiff in error, it might have had just ground to complain that the demurrer was improperly overruled and that the judgment was based upon a bad plea, but, as this condition does not exist, the question as to whether the demurrer was properly overruled is not material and for that reason the judgment will be affirmed.

*Judgment affirmed.*